## Isaac W. Brashear v. T. L. Martin.

Under our statute, a note purporting to be signed by an agent which is the foundation of the action, will be admitted in evidence, without the necessity of proving its execution, unless the execution thereof is denied under oath.

When it is required to be proved, both the authority of the agent to make it, and its execution by him, must be shown.

Appeal from Harris.    Tried below before the Hon. Peter W. Gray.

Suit by T. L. Martin against Isaac W. Brashear, on a promissory note for $400, signed "Isaac W. Brashear, by G. I. Tilton, agent." On the trial the plaintiff offered the note in evidence, to which the defendant objected, because no sufficient authority to make it had been shown, and there was no proof of Tilton's handwriting; which objections were overruled. The note was read, and the defendant excepted. The plea of *non est factum* by the defendant was sworn to. Verdict and judgment for the plaintiff for the amount of the note sued on. The other facts appear from the opinion.

*Henderson & Johnston*, for the appellant.

*H. & M. Potter*, for the appellee.

Brashear v. Martin.

Roberts, J.—Under a plea of *non est factum* a note was admitted in evidence purporting to be signed by Brashear by his agent, Tilton. The note was objected to because Tilton's authority, and the fact of its execution by Tilton, were not proved. It was perhaps sufficiently shown that Tilton had the authority to execute the note, but there was no evidence that the particular note sued on was executed by Tilton, or that it was in his handwriting. The only evidence on that subject was a general admission of Brashear that Tilton had executed a note for four or five hundred dollars.

· Our statute required this note to be received as evidence, without the necessity of proving its execution, unless the party by whom, or by whose authority, such instrument or note in writing is charged to have been executed, shall file his affidavit in writing denying the execution thereof. (Hart. Dig., Art. 741.) If such affidavit be made, then there is a necessity to prove the execution of it. That proof consists of two things in this case, to wit: Tilton's execution of the note, and his authority to execute it for Brashear. This is what would have been required under *non assumpsit* at common law, and what would have been necessary here in every suit on such a note but for this statute dispensing with its necessity, except in certain events named in the statute. In the case of an indorsement made by an agent, Chief Justice Sharkie, referring to a similar statute, says, "the affidavit puts the plaintiff on proof of the indorsement, in the same manner that the plea of *non assumpsit* did at common law. The power of attorney was necessary to make it a binding indorsement. Of course it would have been incumbent on the plaintiff to prove the authority. Such an affidavit would have put in issue not only the indorsement of Stanton, (agent,) but his power to indorse for Ellis (the principal.")   (Ellis' Administrator v. Planters Bank, 7 Howard's Miss. R., 235.) This case, which does nothing more than announce a plain principle, is quoted with approbation and relied on by Justice Lipscomb in the case of Austin v. Townes, 10 Tex. R., 30–1.

Mr. Greenleaf says, "if the instrument was executed by an

agent, his authority must be proved, together with his handwriting." (Greenleaf Ev., 2 vol., sec. 158; cites 1 Esp., 89.)

The court, then, should have sustained the objection to the admissibility of the note, because it was not shown that the agent, Tilton, executed it.

Judgment reversed and cause remanded.

Reversed and remanded.