No. 2440.

DEWEES & HINKLE *v.* NICK BLUNTZER ET AL.

1. EVIDENCE—ALTERATION.—When a written instrument appears on its face to have been altered, it devolves on the party offering it in evidence to show that the alteration was made with the consent of the maker.

2. PRACTICE IN SUPREME COURT—EVIDENCE.—When illegal evidence is admitted over objections, and on appeal it is not made to appear clearly that the evidence could not have prejudiced appellant, the judgment will be reversed.

APPEAL from Nueces. Tried below before the Hon. J. C. Russell.

*A. S. Chevallier* and *Tarleton & Keller*, for appellants.

*J. D. Morris,* for appellees: The alleged contract was endorsed by D. & A. Oppenheimer seven days after it is claimed that defendant Bluntzer signed it, and without his knowledge or consent and in his absence. It was a subsequent indorsement, and failed for want of consideration expressed. (Hazeltine v. Larco, 7 Cal., 32; Jones v. Post, 6 Cal., 102; Story on Prom. Notes, sec. 133.)

When the instrument on its face shows a material alteration, it is incumbent on the party offering it to explain it.

MALTBIE, PRESIDING JUDGE. Suit was brought by Dewees & Hinkle against N. Bluntzer as maker, and D. & A. Oppenheimer as guarantors, for the alleged breach of a written contract, the material part of which is as follows:

"SAN ANTONIO, TEX., 2—22—1884.

I agree to sell Dewees & Hinkle 2000 head of yearling heifers and 2100 head of two year old heifers at my ranch in San Patricio county, at $12 for one's and $16 for two's, if they pay one-third of the money by 15th of March and the balance on delivery.   Delivery to be from 5th to 20th of April.

N. BLUNTZER."

"We hereby guarantee the above contract on the part of N. Bluntzer. .

D. & A. OPPENHEIMER."

The petition alleged that Dewees & Hinkle tendered one-third of the purchase money before the fifteenth of March, and demanded the delivery of the cattle as per contract, and that Bluntzer failed and refused to make delivery.   It was also averred that there was an advance in the price of the class of cattle, embraced in the contract between its date and the time specified for their delivery.

To the petition Bluntzer pleaded the general denial and non est factum in due form of law under oath.   He also specially pleaded that Hinkle wrote the contract sued upon and read it over to defendant; that defendant did not read it, but relied on the reading of Hinkle; that Hinkle read it that defendant should have until fifteenth of March to ascertain whether he could get the cattle, and that Hinkle was also to have until that time to ascertain whether he could get up a third of the money to make the first payment, and that the agreement should be optional with both parties until that time, and by this false and fraudulent reading of the writing induced defendant to sign the paper sued on.   It was also averred that Oppenheimer guaranteed the contract long after its execution at the instance of plaintiffs, and without the knowledge or consent of defendant, Bluntzer, upon the false and fraudulent representation upon the part of plaintiffs, that the writing guaranteed was the contract of Bluntzer.   There were quite a number of exceptions to defendant Bluntzer's special plea, all of which were overruled.   In this it is not believed that there was such error committed as could operate to the prejudice of appellant.   The special plea is not in the nature of a plea of non est factum, and it is not necessary that it should be sworn to. The instruction on the subject of the burden of proof in the event that the jury believed that the instrument sued on had

been altered after its execution was correct. The rule being that when the instrument appears to have been altered in a material particular, it devolves upon the party offering it to prove that the alteration was made with the consent of the maker. (1 Greenl. on Ev., 608, sec. 564.) And this is the meaning of the charge of the court, when construed as a whole. There is no conflict between this charge and the one given at the request of plaintiffs on the same subject. The charges were applicable to different phases of the case, and we are of opinion that both were properly given to the jury.

The evidence upon every issue raised on the trial was conflicting. Defendants offered certain letters, written by N. Bluntzer to D. & A. Oppenheimer, dated from the seventh to the seventeenth of March, 1884, in reply to letters from the Oppenheimers to Bluntzer, informing him that the plaintiffs had deposited with them one-third of the contract price of the cattle charged to have been sold by Bluntzer to plaintiffs. Objections were duly interposed to the admission of each and of all of the letters, which were overruled and exceptions reserved. These letters stated in substance that the writer, Bluntzer, had not entered into any contract with the plaintiffs for the delivery of cattle, but that the agreement was that he, Bluntzer, was to have until the fifteenth of March to determine whether he would deliver the cattle, and that he had notified plaintiffs that he had elected not to do so, and requesting the Oppenheimers to so inform them, and to give them back their money; also charging that Hinkle knew that he, Bluntzer, had made no such contract as was claimed by him. These declarations were made long after the execution of the contract sued on; were not made to plaintiffs or in their presence; are self serving, not under oath, are in the nature of hearsay; and, for all of these reasons, were clearly inadmissible. When illegal testimony is admitted, over objections, and it is not made clearly to appear that the evidence could not have prejudiced the appellant, the rule of this court is to reverse the judgment. We can not say, in this case, that the verdict was not influenced by the testimony complained of, and are of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*