R. B. Stevens v. Equitable Manufacturing Company.

Decided April 9, 1902.

**1.—Evidence—Best and Secondary—Predicate.**

A sufficient predicate was not laid for the admission of testimony by defendant of the contents of letters addressed to him where he testified that he had made diligent search for them and could not find them, but it was shown that they were probably in a certain trunk and he seems to have purposely not looked there.

**2.—Same—Letters—Authentication.**

A letter is not entitled to be admitted in evidence by the mere fact that it came regularly through the mail apparently in answer to another letter; there must be some further extrinsic proof that it was signed by, or acted on and adopted by, the party purporting to have signed it.

**3.—Same—Notice to Produce Letters.**

A party is not entitled to prove the contents of letters written by him to the adversary party where proper notice to produce the letters has not been given.

**4.—Execution of Written Instruments—Denial Under Oath.**

The statutory rule requiring the defendant to deny under oath the execution of written instruments charged to have been executed by him upon which any pleading is founded, does not relate to writings set up in the answer in connection with purely defensive matter, or require plaintiff to deny the execution of such writings.

**5.—Trial—Harmless Error—Jury.**

Where the court properly instructed a verdict for plaintiff, it was unimportant who composed the jury.

Appeal from the County Court of El Paso. Tried below before Hon. Jas. B. Harper.

*Patterson & Wallace,* for appellant.

*Jno. H. Harper* and *W. M. Peticolas,* for appellee.

JAMES, Chief Justice.—This case was here on a former appeal. 60 S. W. Rep., 350. The pleadings have been made to conform to that opinion. The court instructed a verdict for plaintiff. The principal questions relate to the exclusion of testimony.

The third assignment is that the court refused to allow defendant Stevens to testify to the contents of certain letters from plaintiff, upon proof of their loss. The proof of their loss, as shown by the bill of exceptions number 3, consisted of defendant's statement that they were lost; that he had made diligent search for them and was unable to find them. There is in the record another bill of exceptions in reference to same letters which shows, in regard to diligence in the search for said letters, that plaintiff testified he had looked for them in every place where they might be found; that he had not looked in a certain trunk. When the court sustained plaintiff's objection that no sufficient proof of loss had been made, plaintiff was withdrawn as a witness and left the courthouse, and upon his return was again placed on the stand and asked

if he had now made diligent search for said letters, and he answered that he had. This was no more than he had said before, and he never did state that he had looked for them in the trunk. His testimony indicates a probability that they might have been there. We can not hold that the court erred in excluding the testimony.

The letters purporting to have been written by plaintiff to defendant were offered in evidence. They appeared to be signed "Equitable Mfg. Co., per ——," with a rubber stamp, and in the blank was written the word "Cannon." No proof was offered of the execution of this signature by plaintiff or by its authority. The proof offered consisted of testimony of defendant that these letters were received by him in due course of mail through the United States postoffice at El Paso; that each of the envelopes containing them had the business card in the left hand corner as follows, "The Equitable Manufacturing Company, Iowa City, Iowa," and had the postmark of Iowa City on each of them, and that said letters were answers to letters written by defendant to plaintiff; the witness stated that he did not know the persons composing the Equitable Manufacturing Company, a partnership; that he had never seen either of them write and did not know their signatures; that he did not know Cannon; had never seen him write and was not familiar with his signature. The objections were that no proof of their execution was offered; that there was no proof that Cannon was agent of plaintiffs, or that he or she had authority to write letters on behalf of plaintiff.

The fact that their letters may have been written upon letter heads and inclosed in envelopes, with plaintiff's firm name thereon, and dated and mailed at plaintiff's place of business, and appear to be signed by plaintiff in some manner, and received through the postoffice at El Paso, would not be sufficient to admit them in evidence as plaintiff's acts. According to 1 Greenleaf on Evidence, section 577, and Underhill on Evidence, section 139, there must be some extrinsic proof that the letters had been acted upon and adopted by the supposed writer. This might be done by subsequent letters if shown to be his letters. In the present case there were no letters offered which were not in the same condition as the two in question. No one of the letters appeared to be the act of plaintiff more than another. As stated in Nunes v. Perry, 113 Massachusetts, 271, "The defendant indeed relies upon the internal evidence furnished by the contents of the letters themselves tending to show that all three must have come from the same source. Such evidence may doubtless be availed of and will often be of much significance in determining a question of disputed authority. But it can not dispense with the necessity of first producing some evidence from external facts to show, prima facie at least, that the writing relied on is genuine." See also Putnam v. Wadley, 40 Ill., 341. If acts or acknowledgments showing the authenticity of the letters are sought to be proved, this must of necessity be by evidence other than letters that are themselves not shown to be authentic. We do not believe a letter is entitled to be admitted as evidence by the mere fact that it comes regularly through the mail ap-

parently in answer to another letter. The court did not err in excluding the letters. Nor did it err in refusing to allow defendant to withdraw the case from the jury and grant a continuance for surprise at this ruling. The objections and the ruling should have been anticipated.

Defendant further offered to prove the contents of letters written by him to plaintiff. In view of the proper exclusion of the evidence offered to prove any of plaintiff's letters, it is difficult to see how letters written by defendant would alone prove a waiver by plaintiff, or how we could properly reverse the judgment if we thought such letters admissible. But the evidence of these letters was objected to upon the ground that no notice had been given plaintiff to produce the originals, and the circumstances disclosed in the bills of exceptions are such as would not enable us to hold that proper notice was given.

The statutory rule that a defendant must deny under oath the execution by himself or by his authority of any instruments in writing charged to have been executed by him upon which any pleading is founded in whole or in part, does not relate to writings set up in connection with a purely defensive matter alleged by defendant. The statute requiring such denial under oath applies only to answers. Plaintiff in this case is not placed by defendant's pleadings in the attitude of a defendant.

The instruction to find for plaintiff not being shown to have been erroneous, it was unimportant who composed the jury.

The judgment is affirmed.

*Affirmed.*