TEXAS CENTRAL RAILWAY COMPANY v. P. C. O'LOUGHLIN.

Decided January 14, 1905.

**1.—Pleading—Duress—Sworn Plea.**

A plea of duress in the signing of a cattle–shipment contract is not such a plea as falls within article 1265, Revised Statutes, requiring certain pleas to be verified by affidavit.

**2.—Cattle Shipment—Failure to Bed Cars—Connecting Lines.**

Where defendant, the initial carrier, failed to properly bed the cars in which cattle were shipped, and the contract of shipment provided that defendant should be liable only for damages occurring on its own lines, it was nevertheless liable for the damages resulting from such negligence, though the injury may have developed while the cattle were on the other lines.

**3.—Same—Liability Not Shifted to Next Line.**

The fact that the second carrier received the cars improperly bedded, and forwarded the cattle in them, did not operate to relieve the initial carrier of liability for the damage resulting from the defective bedding where it was the custom and intention for the cars to go through, without change, to a distant point on yet another line.

Appeal from the District Court of Eastland. Tried below before Hon. J. H. Calhoun.

*E. W. Conner, J. R. Warren, J. A. Kibler* and *Clark & Bolinger,* for appellant.—1. The plaintiff having, in substance and effect, denied the execution of the written contract set out and relied on by the defendant,

the District Court erroneously overruled the defendant's special exception to plaintiff's second supplemental petition on the ground that said petition showed upon its face that it was an effort on plaintiff's part to avoid such written contract and the same was in no manner sworn to or verified, as required by the statute.  Rev. Stats., art. 1265, sec. 8; Waterworks v. White, 61 Texas, 536; Bradford v. Taylor, 61 Texas, 508; Railway Co. v. Tisdale, 74 Texas, 8; Fisher v. Bowser, 1 Un. Cas., 346; International & G. N. Ry. Co. v. Anderson, 21 S. W. Rep., 691.

2. That appellant had the right to limit its liability to injury or damage to said stock occurring on its own line is no longer an open question in this state.  Galveston, H. & S. A. Ry. Co. v. Houston, 40 S. W. Rep., 842; Texas & Pac. Ry. Co. v. Crossman, 33 S. W. Rep., 290; Texas & Pac. Ry. Co. v. Smith, 24 S. W. Rep., 565; Railway Co. v. Swenson, 25 S. W. Rep., 47.

3. It appearing that the plaintiff's cattle, at the time they were delivered by this defendant to the Texas & Pacific Railway Company at Cisco, had only sustained a very small amount of the damages complained of, and it further appearing from the uncontradicted testimony of the plaintiff that he knew at said time that the cars in which his cattle were being shipped were improperly and insufficiently bedded, and that said cattle were being damaged on account thereof, and with such knowledge made no effort whatever to have said cars rebedded, either at said place, or at Fort Worth, the judgment herein rendered against this defendant for the full amount sued for, with interest, is excessive, for that it thus appears that the largest portion of the damages sustained by said cattle were caused after they left defendant's line and control on account of plaintiff's failure to have said cars properly rebedded, and by reason of his contributory negligence in failing to do so. Fort Worth & D. C. Ry. Co. v. Daggett, 87 Texas, 327; Railway Co. v. Anderson, 85 Texas, 88; Fort Worth & D. C. Ry. Co. v. Word, 32 S. W. Rep., 15; Railway Co. v. Mannewitz, 70 Texas, 73; Texas & Pac. Ry. Co. v. Arnold, 40 S. W. Rep., 831; Missouri, K. & T. Ry. Co. v. Belcher, 41 S. W. Rep., 706.

4. The defendant having pleaded and proven a written contract between it and the plaintiff covering the shipment of cattle in question, wherein and whereby the defendant's liability was limited to such damages to said cattle as was sustained on its line of road, and the evidence having conclusively shown that a large portion of the damage sued for was sustained after said cattle had left the line of this defendant, it was the duty of the court, and especially so when requested, to have instructed the jury that the defendant was not liable for any damages to plaintiff's cattle after the same had left its line of road.  International & G. N. Ry. Co. v. Young, 72 S. W. Rep., 68; Gulf, C. & S. F. Ry. Co. v. Baird, 75 Texas, 256; Texas & Pac. Ry. Co. v. Adams, 78 Texas, 374; McCarty v. Railway Co., 79 Texas, 33.

*D. G. Hunt,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an appeal by the Texas Cen-

tral Railroad Company from a judgment rendered against it in favor of P. C. O'Loughlin, for damages to six cars of beef cattle shipped by him from Albany, Texas, to East St. Louis, Illinois, over the line of the appellant company to Cisco, and thence over other lines to their destination. The negligence of appellant, upon which a recovery was sought and had, consisted in a failure to properly bed the cars for the shipment at Albany. The appellant answered, pleading specially a written contract with appellee limiting its liability to damages for loss or injury occurring on its own line, contributory negligence of appellee, and other pleas not necessary here to notice.

In submitting the case to the jury the court, in effect, adopted the written contract as the contract of shipment between appellant and appellee, and expressly instructed them that the appellee could not recover against appellant for any damages caused by the negligence of the other carriers handling the shipment, but that it was liable only for the damages proximately resulting from its failure to properly bed the cars at Albany, if they found such failure to be negligence. This being our view of the theory upon which the case was submitted, many of appellant's assignments, which might otherwise appear to be well taken, are without merit. This may be said of the first, complaining of the court's refusal to continue on account of the absence of the witness McLeroy, by whom appellant expected to prove the written contract; of the third, complaining of the court's refusal to sustain a special exception to appellee's petition, because it did not show that he signed such contract by mistake, through fraud, duress, or by accident; of the fourth and fifth, complaining of charges given, and of the seventeenth, complaining of the court's refusal to give a special charge to the effect that there was no evidence of fraud, accident, mistake or duress in signing the written contract pleaded by appellant.

What has just been said might also dispose of the second assignment of error, urging the insufficiency of appellee's plea of duress because not sworn to. It has been held that such plea by a defendant does not fall within article 1265 of the statutes, requiring certain pleas to be verified by affidavit. (Dewees v. Bluntzer, 70 Texas, 406; O'Maley v. Garriott, 49 S. W. Rep., 108; Stevens v. Equitable Mfg. Co., 29 Texas Civ. App., 168, 67 S. W. Rep., 1041; Home Circle Society No. 1 v. Shelton, 4 Texas Law Jour., 950, 81 S. W. Rep., 84.)

The first and sixth special charges requested by appellant were properly refused, because the issue therein referred to was properly embraced within the main charge given, and for the further reason that the charges requested were not accurate expressions of the law applicable to the facts of this case. While, under the contract pleaded by it, appellant would not be liable for damages growing out of the negligence of its connecting carriers, nevertheless it might and would be liable for damages resulting from its own negligence in failing to properly bed the cars in the first place, even though the injuries occasioning such damages did not develop until after the cattle had left its line and were in the hands of the other carriers. Such we understand to be appellee's contention, and such the facts shown by the evidence in this case.

Special charge number 3, to the effect that, if the jury found from

the evidence that all of the damages to appellee's cattle did not result from the negligence of appellant, and they were unable to determine from the evidence what amount of said damages had accrued while the cattle were in the hands of the appellant, to return a verdict in its favor, was properly refused. As before indicated, the appellant would be liable for all the damages proximately resulting from its negligence, wherever on the line of transportation the injuries to the cattle may have developed, and the language of the charge was such as probably to have misled the jury in this important particular.

The court, in paragraph three of his charge, correctly placed the burden of proof in the case upon appellee, and there was, therefore, no necessity for giving special charge eleven requested by appellant.

We think it is not true, as contended in the twenty-second assignment of error, that, "if the Texas & Pacific Railway Company accepted the cars in the condition they were in, with reference to bedding, from the Texas Central Railroad Company at Cisco, Texas, it made said cars part of its means of transportation, and thereby became liable for any damages to said cattle that occurred by reason of said improper bedding after the cars were so received," in the sense that appellant would not also be liable for the same injuries if it was previously negligent in loading the cattle into cars that were insufficiently bedded, intending, as the evidence indicates it did, that the cattle would at least go as far as Muskogee, in the Indian Territory, in the same cars, without other or additional bedding. The evidence tends to show that it was the custom, and the intention of the parties to this contract, that the cars in which the cattle were originally loaded were to go through to East St. Louis, and were not to be rebedded until they had reached Muskogee, which is shown to be about half way.

We have considered the twenty-fourth and twenty-fifth assignments, complaining of the language of counsel for appellee in addressing the jury, and are of the opinion that no error is shown requiring a reversal of the case. A part of the language objected to was withdrawn by counsel and the jury instructed not to consider it, and the other, though not to be approved, was not of such character as to require a reversal of the case.

We think the evidence sufficient to support appellee's allegations of negligence, and to show that he has sustained damages thereby in the amount awarded him by the jury.

All assignments are therefore overruled, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.