## CONANT AUTOMOBILE CO. et al. v. MANRIQUEZ.   (No. 9026.)

Court of Civil Appeals of Texas. Galveston. June 30, 1927.

Rehearing Denied July 14, 1927.

**1. Pleading ⟨⟩78—Absence of plea of non est factum held not to prevent recovery of money retained by defendants under written agreement allegedly obtained by fraud.**

In action to recover money paid under oral agreement to purchase automobile to be later selected, in which plaintiff alleged defendants fraudulently induced him to sign order for particular car, plaintiff could recover money so paid notwithstanding absence of plea of non est factum.

**2. Pleading ⟨⟩291(1)—One seeking to have contract set aside as fraudulent need not verify pleading which sets forth facts relied on as fraud.**

One seeking to have contract procured by fraud set aside is not required to verify pleading alleging such fraud, but need only set forth specific facts on which fraud is based and prayer for relief therefrom.

**3. Contracts ⟨⟩94(1)—Defrauded party may set aside contract fraudulently obtained.**

Contracts obtained by means of fraud may be set aside by defrauded party upon plea and proof of fraud.

Appeal from Harris County Court, at Law; Ray Scruggs, Judge.

Suit by Timoteo Manriquez against the Conant Automobile Company and others, in which defendants interposed a cross-action. Judgment for plaintiff on the main action and the cross-action, and defendants appeal. Affirmed.

Fulbright, Crooker & Freeman, W. H. Forman, and T. H. Cody, all of Houston, for appellants.

Gordon O. McGehee and R. H. Ward, both of Houston, for appellee.

LANE, J.   This suit was brought by Timoteo Manriquez against the Conant Automobile Company, a corporation owned by George F. Conant, Charles Paggi, and the estate of Ed Paggi, and against George Conant and Charles Paggi individually, to recover $341, which he alleged he placed in the hands of defendants under an oral agreement by the terms of which he agreed to purchase from defendants a Star automobile to be selected by him at any time within one year from September 14, 1925, and by which defendants agreed to sell such automobile to him if he should deposit with them as much as $275.

The plaintiff alleges substantially that he deposited with defendants $341; that he selected the automobile he wished to purchase in conformity to said oral agreement; that when he had made such selection he was presented with a writing by defendants, who represented to him that it was only a receipt for the money paid to them by him, but which was in fact a written order for a model C Star automobile; that he could not read or write the English language, said instrument being written in said language; and that by reason of such representation, which was false and fraudulently made for the purpose of inducing him to sign said instrument, he signed the same, relying upon said representation as true; that he would not have signed said instrument had he known its import; that after he had paid defendants the $341 he selected the automobile he wanted under the terms of said oral agreement, and defendants refused to apply the sum so paid by him as a part payment on the same, and informed him that he had executed an order for a model C Star automobile, and that the money paid by him would be applied as a payment only on such automobile.

The defendants answered, denying said indebtedness and alleging that there had been a written contract between the parties known as a retail car order covering the purchase of a new automobile, executed by the parties for a valuable consideration; that said written contract merged any oral agreements between the parties for the purchase and sale of an automobile; and by way of set-off and counterclaim sought damages from the plaintiff in the sum of $307.68 for the alleged breach of the written contract, tendering to the plaintiff the sum of $13.12, the difference between what the defendants allege was paid to them by the plaintiff under the terms of the written contract and the amount of their set-off.

The case was submitted to a jury upon special issues in answer to which they found, substantially, that the Conant Automobile Company did, through its authorized agents, represent to the plaintiff, Manriquez, that the writing executed by him was a receipt for $150, the price the company agreed to allow him for a secondhand automobile owned by him which he had placed in its possession; that such representations were false; that the plaintiff relied on such representations as true; and that had he known the true contents of said writing he would not have executed the same; that plaintiff turned over to defendants a used car for which they were to allow him $150, and in addition thereto he paid them $191; that defendants agreed with plaintiff that he should have one year in which to select the car which he desired to purchase from them; that defendants stored no automobile at the request of or for the plaintiff.

The court approved the findings of the jury and rendered judgment for the plaintiff

against the Conant Automobile Company, George F. Conant, and Charles Paggi, jointly and severally, for $355, with interest at the rate of 6 per cent. from its date, and also against Charles Paggi as executor of the estate of Ed Paggi, deceased, jointly with the other defendants, for the same sum. The judgment decreed that defendants take nothing by their cross-action. From the judgment so rendered, the defendants have appealed.

[1] As cause for reversal, appellants contend that as the plaintiff alleged the contents of the written instrument, which he acknowledged he signed, he was not entitled to a recovery in the absence of a plea of non est factum, notwithstanding that he alleged that his signature thereto was obtained by false and fraudulent representations made by defendants, plaintiff not having made such plea in manner and form as required by law.

There is no merit in such contention. Plaintiff alleged that he signed the instrument, and evidently he could not make affidavit that he did not sign the same, but as he pleaded that his signature thereto was obtained by false and fraudulent representations made by defendants, upon which he relied, and made proof thereof, together with proof of his other allegations, he was entitled to the judgment rendered in his favor.

It is true that where one desires to place in issue either the signing or delivery of a written contract, alleged by the opposite party to have been executed and delivered, as a basis for the suit or defense, it is necessary that he should deny the same under oath as required by the statute, and that in the absence of such denial the issue is not raised and no evidence offered to support such issue is admissible. Smith v. Smith (Tex. Civ. App.) 200 S. W. 540, and authorities there cited. But the issue in the present case is not as to whether plaintiff signed and delivered the instrument declared upon as a defense. That the same was so signed and delivered is admitted by appellee, but he contends that, notwithstanding such execution and delivery, he is not bound thereby, in that his signature thereto and its delivery to appellants was obtained by means of false and fraudulent representations made to him by appellants upon which he relied, and therefore such instrument should be held to be nonenforceable against him.

[2] There is no statute which requires a pleader, either plaintiff or defendant, seeking to have a contract procured by fraud set aside, to verify his petition or answer alleging such fraud. All that is required in such case it that the plea should set forth the specific facts of which the alleged fraud consists, and a prayer for relief therefrom.

[3] It is too well settled that contracts obtained by means of fraud may be set aside by the defrauded party, upon a plea and proof

of such fraud, to require citation of authorities to support the same.

In Dewees et al. v. Bluntzer, 70 Tex. 406, 7 S. W. 820, it was held by our Supreme Court that a special plea alleging fraud in procuring the signing and delivery of a contract is not in the nature of a plea of non est factum, and need not be sworn to.

The case of Taber v. Eyler (Tex. Civ. App.) 162 S. W. 490, is one in which defendant was sued upon a contract. Defendant alleged as a defense that he was induced to execute it by reason of false and fraudulent representations made by the plaintiff to him upon which he relied. The answer was not sworn to. In that case the court said:

"Appellant presents the proposition that the plea in this case was in effect a non est factum, and, not being verified, as required for such pleas, the general exception should have been sustained. We are not inclined to treat the plea in effect as a non est factum. However, from some of the authorities the question is not free from difficulty. The plea of non est factum places the burden of proving the execution of the instrument on the one claiming under it. Such could not be the result in this case. The execution of the instrument in question is not denied, but admitted"—citing Dewees v. Bluntzer, supra, and other cases.

The court in the same case held that notwithstanding the answer of the defendant, which alleged the procurement of the contract sued upon was by acts of fraud, was not sworn to, the trial court did not err in permitting several witnesses to testify to facts tending to establish the alleged fraudulent acts, saying: "This testimony under the issues in the case was admissible."

For the reasons pointed out, the judgment is affirmed.

Affirmed.