## CONANT AUTOMOBILE CO. et al. v. MANRIQUEZ. (No. 1085-4976.)

Commission of Appeals of Texas, Section A.
April 25, 1928.

**Pleading** ⊙⇒291.(2)—Petition to cancel contract for fraud in execution stated cause of action, though not verified and execution was not denied under oath (Rev. St. 1925, arts. 2004, 2010).

In action for cancellation of instrument, where both plaintiff and defendant affirmatively averred execution of instrument sought to be avoided by one and enforced by other, plaintiff's allegations being that of fraud in procurement of execution of instrument, and not denial thereof, *held*, that plaintiff stated cause of action, though his petition was not verified and he did not otherwise plead under oath a "denial of execution by himself or by his authority" of "instrument in writing," under Rev. St. 1925, art. 2004, 2010.

Error to Court 'of Civil Appeals of First Supreme Judicial District.

Action by Timoteo Manriquez against the Conant Automobile Company and others, in which defendants interposed a cross-action. To review the judgment of the Court of Civil Appeals (297 S. W. 623), affirming judgment for plaintiff on main action and cross-action, defendant brings error. Affirmed.

Fulbright, Crooker & Freeman, of Houston, for plaintiff in error.

Gordon O. McGehee and R. H. Ward, of Houston, for defendants in error.

NICKELS, J. We refer to the opinion of the Court of Civil Appeals (297 S. W. 623) for complete statement of the case.

Manriquez's cause of action, it will be noted, is stated in these averments (with elaboration): (a) An agreement of the tenor named was made and left to rest in parol. (b) Acts were then done by him in supposed 'performance, viz. delivery of' his secondhand car at the agreed price of $150 and deposit of various sums, all making up the amount sought to be recovered. (c) When the secondhand car was delivered he asked for or was tendered a paper represented to his as being, first, a "naked receipt" for the $150, and, second, such instrument as was essential or deemed essential to transfer of property in the secondhand car. He could not read or write (in English) and (in signing the paper) acted and relied upon these representations (made with knowledge of his inability to read). (d) He did not learn the text of the paper thus signed until time had come for performance of the agreement (as orally made) by the company and when he had sought legal advice upon the company's refusal to perform. His prayer is for recovery of the credit of $150 (account of transfer of the secondhand car),

plus the deposits made and for cancellation of the instrument signed by him.

The company interposed a general denial and set up the instrument as representing the contract made by way of defense as well as basis for affirmative relief prayed on account of damages suffered by reason of Manriquez's refusal to perform according to its tenor.

Manriquez's petition was not verified, nor did he otherwise plead under oath "a denial of the execution by himself or by his authority" of the "instrument in writing." Articles 2004, 2010, R. S. 1925. The question presented is whether, in the state of pleading shown, he could prove up his cause.

Subparagraph 8 of article 2010 is substantially the same as (if not identical with) provisions of article 1264, R. S. 1879, article 1265, R. S. 1895, and article 1906, R. S. 1911.

In section 86 of the "act to regulate proceedings in the district courts" approved May 13, 1846 (2 Gammel's Laws of Texas, pp. 1669, 1692), it was provided:

"That when any petition, answer, or other pleading, shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or by his authority * * * such instrument or note in writing shall be received as evidence, without the necessity of proving its execution, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed, shall file his affidavit in writing, denying execution thereof," etc.

That appears to have been the relevant statutory provision up to the 1879 codification.

The effect intended for a plea of non est factum, as provided for in the act of 1846, is to leave upon the party relying upon the instrument the burden of proving its execution. Brashear v. Martin, 25 Tex. 202, 203; H. & T. C. Ry. Co. v. Chandler, 51 Tex. 416, 419. Conversely, lack of plea obviates necessity for performance of that burden. The change of language notwithstanding, a like effect of the plea or its absence under the 1879 and subsequent revisions is indicated in the cases. See Chator v. Brunswick Co., 71 Tex. 588, 590, 10 S. W. 250. Under the original (Drew v. Harrison, 12 Tex. 279; Bishop v. Honey, 34 Tex. 245) and subsequent (Thomason v. Berry [Tex. Com. App.] 276 S. W. 185) provisions, the evidentiary effect of lack of plea is conclusive on the point of execution and delivery.

Operation of the statute upon absence of verified denial with the additional effect of precluding assertion of a cause of action (or defense) resting upon presupposition (instead of lack) of execution certainly has no warrant in its language or, we think, in its purpose for the obvious reason that (in such a case) the very thing is admitted which, in a proper case, is by the statute required to be

denied. Here, both Manriquez and Conant Automobile Company affirmatively aver execution of the instrument sought to be avoided by the one and enforced by the other. Because of its execution, Manriquez says, he was injured; because of its execution, says the company, Manriquez became bound to perform and by nonobservance of the duty incident to execution he inflicted the injuries sought (in the "counterclaim") to be redressed. Manriquez's allegations are those of fraud in procurement of execution, and not in denial thereof. That he stated a case of action in that regard cannot be doubted. Rapid Transit·Ry. Co. v. Smith, 98 Tex. 555, 86 S. W. 322; Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873; King v. Wise (Tex. Com. App.) 282 S. W. 570. That his allegations considered as a .defense to the "counterclaim" are of the essence of confession and avoidance is not to be gainsaid. Id.; Dewees & Hinkle v. Bluntzer, 70 Tex. 406, 407, 7 S. W. 820; Taber v. Eyler (Tex. Civ. App.) 162 S. W. 490, writ denied.

Various cases have been cited against the conclusions expressed, and they will· be examined.

Stacy v. Ross, 27 Tex. 3, 84 Am. Dec. 604: Suit was brought upon a note. The defendant "answered under oath that the note was obtained from him by fraud and misrepresentation," in that the agreement was for interest at 5 per centum, whereas the note called for 8 per centum; the payee having drawn the note and read it to the maker (an illiterate man) as providing for 5 per centum. Judgment went for ·the defendant. On. appeal counsel for plaintiffs stated that "the evidence sustained the plea and the only question is, Was the note void for interest only?" The point made (and overruled) was that relief ought have been given defendant only to· the extent of the interest. True, it was said (in the opinion) that the plea set out facts appropriate to and sufficient to support one of non est factum; but what was held was that the fraud vitiated the entire contract.

The plea of "fraud" which "amounted to no more nor less than * * * non est factum to the contract sued on," according to the opinion in Bishop v. Honey, 34 Tex. 245, 251, was not a charge of fraud against the other contracting party, but consisted of an allegation that "her own attorney" had fraudulently substituted "the contract sued on for a prior contract between the parties." How the "substitution" of "contracts" was made (or claimed to have been made) is not further disclosed. Of course, if the attorney did substitute a purported contract for one actually executed, the lack of personal execution of the latter or of its execution by authority was directly presented so as to bring the plea within the letter of the statute.

Hurt v. Wallace (Tex. Civ. App.) 49 S. W. 675: Hurt sued Wallace on a note signed by the latter. Wallace answered that he signed the note under the "mistake and misapprehension of fact" that "he was signing a receipt" for certain cattle being committed to his care by Hurt and that his "mistake" was' the result of Hurt's "statements and representations" and his own illiteracy and confidential reliance (on reasonable ground) upon Hurt's "honesty and integrity." Hurt excepted to the answer, in that it amounted to unsworn non est factum, and the exception was overruled. The Court of Civil Appeals, upon the supposed authority of Stacy v. Ross, supra, held that the exception ought to have been sustained, in that action, and, for reasons stated already, we think there was error.

We recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed.