## WOOL GROWERS' CENTRAL STORAGE CO. v. BENNETT.

### No. 2982.

Court of Civil Appeals of Texas. El Paso.
July 19, 1934.

W. C. Jackson, of Fort Stockton, and Collins, Jackson & Snodgrass, of San Angelo, for appellant.

W. A. Hadden, of Fort Stockton, for appellee.

HIGGINS, Justice.

J. Bert Kincaid, of Pecos county, was the owner of a flock of sheep upon which the Wool Growers' Central Storage Company, a corporation, domiciled in Tom Green county, held a mortgage. Kincaid purchased from the appellee Bennett salt and feed for said sheep, and to recover the purchase price thereof he drew a draft for $237.90 in favor of Bennett upon said company. Upon refusal of the company to pay the draft, Bennett brought this suit against Kincaid and said company to recover the sum stated. The Wool Growers' Central Storage Company, hereinafter referred to as company, filed plea of privilege to be sued in Tom Green county. Controverting affidavit was filed seeking to maintain the venue as laid upon the ground that such company was a necessary party defendant and that the cause of action, or a part thereof, arose in Pecos county. The plea was heard along with the merits of the case. The findings of the jury are to the effect following: First, two or more of the defendants in the case reside in different counties; second, such company is a necessary party defendant to the suit; third, the plaintiff's cause of action, if any, against such company, or a part of said cause of action, arose

280

in Pecos county; fourth, on or before November 2, 1931, the date of the draft, said company authorized Kincaid to incur the debt sued upon for the care and preservation of the sheep of the said Kincaid; fifth, said company never promised to pay the debt sued upon.

Judgment was rendered overruling the plea of privilege and against Kincaid and said company for $237.90, from which judgment the company appeals.

Upon an examination of the petition, it is uncertain as to the exact theory upon which the plaintiff attempts to predicate liability upon the part of said company. We construe the petition as a suit upon the draft, but the appellee, in his brief, assumes that liability is predicated upon the theory that such company is liable as an original promisor to pay for the feed and sale; and that its liability is based upon an original undertaking upon its part to make such payment under the theory announced in Kinney v. Pearce (Tex. Civ. App.) 65 S.W.(2d) 502, and many other cases in this state, some of which are cited in the case mentioned.

It is unnecessary for us to determine which is the correct theory of the case made by the petition, for upon either theory the result must be the same. If the suit is upon the draft, no liability against the company is shown because it did not accept the same in writing, as is required by the Negotiable Instrument Act. See section 127 of article 5940, and section 132 of article 5941. Huffman v. Farmers' Nat. Bank (Tex. Civ. App.) 10 S.W.(2d) 753; First National Bank v. Dickson (Tex. Civ. App.) 59 S.W.(2d) 179.

The judgment cannot be sustained upon the theory that the suit is based upon the original debt and liability on the part of the company as an original promisor, because the fifth finding is that said company never promised to pay the debt sued upon.

The fourth finding of the jury is irrelevant. Kincaid was the owner of the sheep, and as such owner he had the right to incur the debt sued upon for the care and preservation of his sheep. It is wholly immaterial whether the company ever authorized him to do so or not. He could incur the debt without the authority of the company.

Upon the views expressed, it follows no cause of action is shown by this record against the Wool Growers' Central Storage Company, and its plea of privilege should have been sustained. Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896.

Kincaid did not appeal, and the judgment against him is in no wise disturbed.

Justice Walthall dissents. He is of the opinion the evidence shows an original undertaking and promise on the part of the Wool Growers' Central Storage Company to pay for the feed and salt, and such company is therefore liable as an original promisor under the authority of Kinney v. Pearce (Tex. Civ. App.) 65 S.W.(2d) 502, and cases there cited. He is therefore of the opinion the judgment should be affirmed.

The judgment against said company is reversed, and as to such company judgment is here rendered sustaining its plea of privilege and transferring the cause to Tom Green county.

Affirmed in part; reversed and rendered in part.