**DOUGLASS v. FLINTKOTE CO.**

No. 13826.

Court of Civil Appeals of Texas. Dallas.

July 11, 1947.

Rehearing Denied Dec. 19, 1947.

James D. O'Connor, of Dallas, for appellant.

D. A. Frank and D. A. Frank, Jr., both of Dallas, for appellee.

YOUNG, Justice.

Appeal is from an order sustaining the venue plea of defendant, Flintkote Company, and transferring the cause to McLennan County, the place of its residence.

Joined in the suit was T. H. Davenport, a resident of Dallas County; plaintiff alleging, in substance, that in April 1945, the roof of her apartment house became worn and leaky, which fact was made known to Davenport, a roofing contractor, who, on inspection, advised plaintiff that she was in need of a new roof; making various representations and guarantees of the satisfactory qualities of the Flintkote material to be used; that Davenport undertook and completed said installation and was paid $425; that when fall rains set in, the new roof leaked and admitted water into the apartment, necessitating a redecoration of two upper rooms at an expense of $350; that the consideration paid to Davenport for the roofing job had wholly failed, praying for $750 damages, etc.

Concerning nonresident defendant, Flintkote Company, and its connection with the transaction, plaintiff alleged that such concern was doing business under an assumed name, with unknown owners, but operating in the City of Waco, McLennan County, with an office and agent, in person of F. K. Creswell, "upon whom service of citation might be had * * *"; that, in course of conversations preliminary to letting the job to Davenport, he told plaintiff that he "was the representative of a company that put out one of the finest roofs on earth," who would give her a "gold bond guaranteeing said roof for at least a period of 30 years," and "that he, Davenport, would personally oversee the installation of said roof along with other laborers and representatives of the other defendant, Flintkote Company."

Plaintiff's controverting affidavit, to which petition was attached and made a part, alleged that Flintkote Company was a foreign corporation, without right to do business in the State of Texas; that venue of this cause arose in Dallas County under provisions of sec. 27, Art. 1995, Vernon's Ann.Civ.St., in that, said work was done in Dallas County, where all fraudulent acts were perpetrated upon plaintiff; and that said company was acting by and through its agent (defendant Davenport) in all the things that were done in Dallas County.

Errors of the court in sustaining the plea of privilege, charged that appellant had satisfied all requirements of the venue law by (1) alleging and establishing a cause of action against the resident defendant, Davenport; (2) by alleging that defendant, Flintkote Company, was a foreign corporation, which allegation had not been denied under oath; (3) by alleging that such company was a nonresident corporation, which was not denied under oath; plaintiff also establishing that her cause of action, or a part thereof, arose in Dallas County; (4) Flintkote Company, if not a nonresident corporation, was an association, the proof showing that her cause of action, or a part thereof as to it, arose in Dallas County; also showing the existence of an agency or representative in said county.

The allegation that defendant company was a foreign corporation appears for the first time in plaintiff's controverting affidavit. A ground of venue thus stated in the particular affidavit, which is foreign to the cause of action as declared upon in the petition, cannot be availed of to defeat the plea of venue. 43 Tex.Jur., sec. 88, p. 818. The cause of action alleged in the petition must control, and proof upon the venue issue must be confined to those material matters common to both controverting plea and petition; the affidavit, under Rule 86 (old Art. 2007), tendering only such issues as are made by the petition. Austin v. Grissom-Robertson Stores, Tex. Civ.App., 32 S.W.2d 205; Casebolt v. Waldron, Tex.Civ.App., 160 S.W.2d 309. In the present appeal, therefore, any allegations that defendant company "is a foreign corporation" must be disregarded; and even had the fact been properly alleged, there was an entire absence of proof. "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, *must allege and prove,* if the defendant asserts his privilege, are

those which are stated in the particular exception in article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." (Italics ours.) Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, 93.

Nor were the other venue requirements of subdv. 27 established, except that such cause of action, or a part thereof, accrued in Dallas County. "In order for appellee, who relied upon said subdivision 27 of the venue statute, to defeat defendant's plea of privilege, he must have both pled specifically and established by proof that, (1) appellant was a (foreign) corporation and that it was doing business in Texas at the time the cause of action accrued; (2) that the cause of action, or a part thereof, accrued in Wharton County; and (3) that, at that time, appellant had an agency or representative in that county. These issues of fact must be proven in the usual way in which proof of the allegations of any other fact is required to be made by the party upon whom the burden of proof rests." Home Ins. Co., etc., v. Barbee, Tex.Civ.App., 166 S.W.2d 370, 371. In this connection, the agency or representative requirement of subdv. 27 "has reference to one who is subject to control of the corporation and authorized to act on its behalf in promoting the corporate affairs and purposes. * * *" Shamrock Oil & Gas Corporation v. Todd, Tex.Civ.App., 166 S.W.2d 766. Concerning this phase of plaintiff's case on the hearing, a deficiency exists both in pleading and proof.

It is proper to observe here that, to the case made by appellant, only subdv. 4, Art. 1995, appears applicable, same providing in part that "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides"; and, in point one, appellant directly invokes the benefit of exception 4. While we are of opinion that plaintiff has not alleged a joint cause of action involving the nonresident company within the meaning of subdv. 4, 43 Tex. Jur., sec. 125, p. 869; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Hammonds v. Houston Electric Co., Tex.Civ.App., 169 S.W.2d 765, the point

need not be labored. Texas Rules of Civil Procedure, Rule 86 (old Art. 2007), provides that "If the plaintiff desires to controvert the plea of privilege, he shall within ten days after appearance day * * * file a controverting plea under oath, *setting out specifically the ground relied upon to confer venue* of such cause on the court where the cause is pending." (Italics ours.) The quoted rule has been construed to mean that a plaintiff must prove as well as specifically plead the venue facts upon which he relies to overcome the plea of privilege. Otherwise stated, appellant cannot rely on appeal upon any exception to the venue statute which he has not definitely alleged in his controverting affidavit and sustained by proof. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Merchants Fast Motor Lines v. Levens, Tex.Civ.App., 161 S.W.2d 853.

Moreover, resident defendant, Davenport, through an extensive examination on the trial, denied liability, though much testimony was adduced in support of a cause of action. Where evidence is conflicting on issue of *resident* defendant's liability in the hearing and determination of a nonresident defendant's plea of privilege to be sued in county of his residence, judgment sustaining the venue plea must be affirmed. Forester v. Foreman, Tex.Civ. App., 171 S.W.2d 190, Syl. 3. See also Compton v. Elliott, supra; Taylor v. Fort Worth Poultry, etc. Co., Tex.Civ.App., 112 S.W.2d 292; Sisco v. Sklar, Tex.Civ.App., 113 S.W.2d 999.

The order of transfer, upon careful review is affirmed.

On Motion for Rehearing.

Rehearing denied.

BOND, Chief Justice (dissenting).

The opinion of the majority, in my opinion, is in conflict with the holdings of the Supreme Court in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304, in which the Supreme Court said: "The plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the

resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. * * *"; and in conflict with the opinion of this court in Herold v. Texas Venetian Blind Co. et al., Tex.Civ.App., 203 S.W.2d 691, 692, in which our Supreme Court, on November 22, 1947, refused to take jurisdiction on appellee's application for writ of mandamus to compel this court to certify the venue issues there involved, to which we held: "* * * giving effect to the nature of the suit as disclosed by the pleadings, and the affirmative evidence as to the cause alleged against the resident defendant, the plaintiff has established the necessary elements to maintain his suit against both defendants in Dallas County, the legal domicile of the defendant railway company, and that the trial court erred in sustaining the plea of privilege as to the defendant, Texas Venetian Blind Company, and transferring the suit as to the last named defendant to Hidalgo County, Texas. The issue raised by the plea of privilege and the controverting affidavit is venue, not liability, * * *."

In the Stockyards Nat. Bank case it will be seen the Supreme Court held that it is not necessary to establish a cause of action against the nonresident defendant. All that is required to sustain venue in the county where laid, is to plead and prove the allegations of his petition to the extent of showing against the resident defendant a bona fide cause of action: "Proof by the plaintiff that he has a cause of action against the resident defendant is relevant to the issue of venue, in that the plaintiff in making such proof conclusively shows his good faith in the selection of the venue; but proof by the plaintiff that he has a cause of action against the nonresident defendant has no relevancy to the issue of venue." See also Wool Growers' Central Storage Co. v. Bennett, Tex.Civ.App., 74 S.W.2d 279; Bender v. Armstrong, Tex. Civ.App., 59 S.W.2d 451; Padgett v. Lake Cisco Amusement Co., Tex.Civ.App., 54 S.W.2d 201. The issue thus raised is venue of the joint or several causes of action as shown by the pleadings, not liability. The liability of each of the defendants on the pleadings is determinable by a preponderance of the evidence on trial to the merits; the venue issue is determinable on trial of the plea of privilege.

Ordinarily, on venue facts, the burden of proof is upon the plaintiff to establish prima facie liability against the resident defendant, and allege a joint or intimately connected cause of action against the nonresident defendant. In the case at bar the plaintiff attached to, and adopted in her controverting affidavit, her petition showing the nature of her suit; hence her petition became a part of the affidavit, and both constituted her pleadings against the nonresident plea of privilege; and whatever is lacking in the one and is supplied by the other, both shall be looked to in determining the venue issues involved. Robinson v. Glasse, Tex.Civ.App., 188 S.W.2d 598; Super-Cold Southwest Co. v. Green & Romans, Tex.Civ.App., 185 S.W.2d 749; Rasberry v. Jones, Tex.Civ.App., 195 S.W. 2d 947. It is thought not essential that the subdivision numbers in the venue statute (Art. 1995) shall be specifically stated; the facts alleged relating to venue control the venue issues.

Plaintiff, pertinent to the venue issues here involved, alleges in her petition: "That plaintiff and defendant T. H. Davenport reside in Dallas County, Texas; that plaintiff Flintkote Company is *operating* under said assumed trade name, and the owners of said company, the name or names are unknown to plaintiff, but said company is operating in the City of Waco, McLennan County, Texas, and there has an office in what is known as the Medical Arts Building, and that it has an agent in said office by the name of F. K. Creswell, upon whom service of citation might be had for it." In her controverting affidavit to which her petition was attached and made a part thereof, plaintiff alleges "That defendant, Flintkote Company, is not a domestic corporation, and that it does not have a right to do or to transact business in Dallas or any other county in the State of Texas, and that said company is a foreign corporation, and that by reason of Article 1995 of Vernon's Statutes, Section 27 thereof, the venue of this cause arose in Dallas County, Texas, in that said work was done * * * and

all fraudulent acts were perpetrated upon plaintiff in Dallas County, Texas, and that defendant was acting by and through its said agent, the other defendant herein, in the things that were done in Dallas County, Texas. * * *" and "that a copy of plaintiff's original petition is attached to this pleadings and is identified as Exhibit 'A' and is made a part of same for all purposes."

The plea of privilege filed by appellee is merely in statutory form,—no exceptions were raised to plaintiff's petition or controverting affidavit, and no denial, or plea in abatement, verified by affidavit as required by Rule 86, T.R.C.P., challenging plaintiff's pleadings, that the defendant is not liable in the capacity in which he is sued; or that there is a defect of party defendant; or that the defendant is not incorporated as alleged by the plaintiff. Rule 93 provides that "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit. a. * * *. b. That the plaintiff has not legal capacity to sue, or that the defendant has not legal capacity to be sued. c. That the plaintiff is not entitled to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued. d. * * *. e. That there is a defect of parties, plaintiff or defendant. f. * * *. g. That any party alleged in any pleading to be a corporation is not incorporated as alleged. * * *"

It will be seen in the majority's opinion that it is stated: "The allegation that defendant company was a foreign corporation appears for the first time in plaintiff's controverting affidavit. A ground of venue thus stated in the particular affidavit, which is foreign to the cause of action as declared upon in the petition, cannot be availed of to defeat the plea of venue." Citing 43 Tex.Jur., sec. 88, p. 818, for the holding. The cited section of the above authority goes further and says: "But reference will be had to the petition in order to determine the *character of the action* (see sec. 110), and if in this respect there is a variance between the controverting plea and the petition, the latter will control." (Italics supplied.) Section 110 gives emphasis to the above expression as follows: "In most cases two elements are to be considered in determining venue: first, the nature of the action, and second, the facts which fix the venue of suits of that nature in a particular county, or, as in some cases, counties. Accordingly, the court will look to the petition and determine the *nature of the cause of action* solely as a matter of law. For instance, it will look alone to the petition to determine whether the action is one for divorce, or upon fraud, and whether it is brought to recover real estate, or damages to land, for an award under the Workmen's Compensation Law, for libel and slander, for personal injuries; also whether it is an action 'against a county,' or one to recover personal property, and the like." (Italics supplied.) Many authorities are listed in the text "that the cause of action" alleged in the petition must control and where the controverting affidavit with plaintiff's petition attached, the disclosures thus made present the nature of the suit and the parties thereto.

In the case here, the allegations in the petition that the Flintkote Company was operating under an assumed trade name and doing business in Waco, McLennan County, Texas, manifestly is not in conflict with plaintiff's controverting affidavit that the Flintkote Company is a foreign corporation without a permit to do business in Texas. Such combined allegations designating the venue issue involved under subdivision 27, Article 1995, which in part provides "foreign corporations, private or public, * * * doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative * * *; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside." Hence we have the venue facts alleged against the nonresident foreign corporation and the proof uncontroverted that plaintiff's cause of action accrued in Dallas County, Texas, and in the county where the plaintiff resides—which brings the case under Section 27 of the venue statute, irrespective of the pleadings and proof as to the resident defendant.

Conceding, without admitting, that the non-resident defendant is an improper party to the cause of action against the resident defendant, such does not raise the issue of venue in determining whether plaintiff cannot maintain her suit against the foreign corporation in Dallas County, Texas, where the suit is laid. Such misjoinder of parties, if true, can only be taken advantage of on trial to the merits by plea of misjoinder of parties. However, plaintiff's pleadings and proof show a joint cause of action against the resident and nonresident defendant which, in the majority's opinion, relates: "* * * the case made by appellant, only subdv. 4, Art. 1995, appears applicable." Evidently, if the case made by appellant appears applicable to subdivision 4, then certainly the case made out must be applicable to subdivision 27. Hence either or both of the sections have application to plaintiff's suit. Plaintiff alleged and proved the residence of the two defendants, a cause of action against the resident defendant, and that the cause of action accrued in the county where plaintiff resided and suit lay. The petition alleges a joint cause of action involving the nonresident company within the meaning of subdivision 4, and, at least, a prima facie case was made out against the resident defendant Davenport.

Plaintiff's petition on the point raised alleges that she was the owner of an apartment house in Dallas County, Texas, which was in need of roof repairs, that she made a contract with the resident defendant Davenport to put on a new roof, and during the negotiations Davenport held himself out to her as the agent or representative of the Flintkote Company, which company "put out one of the finest roofs on earth—that it was the very best" and that if she would let him install her roof she would have one that would not give her any trouble for at least 30 or 50 years—"that she would get a gold bond guaranteeing said roof for at least a period of 30 years—that he would personally oversee the installation * * * along with other laborers and representatives of the defendant, said Flintkote Company; that if she would let him have the job she would receive through him a gold bond issued to her by the other defendant guaranteeing the roof * * *; that plaintiff acted upon said representations and, believing them to be true, finally consented to let defendants put on the new roof." Plaintiff then alleged the breach of contract, damages she sustained resulting directly from the installation by defendant Davenport and the defective materials of the defendant Flintkote Company used on the job; prayed for damages against both defendants, jointly and severally. The evidence is uncontroverted as to the residences of the parties in suit as alleged in the petition, and that the cause of action accrued in Dallas County. Indeed, there were sharp conflicts as to the defendant's liability, both in making the alleged contract and for breach thereof and resulting damages; and, on objection of the nonresident attorney, the trial court refused to allow the plaintiff to elicit from the defendant Davenport that he, at the time the contract was made and the work entered upon, was the agent and representative of Flintkote Company.

In the light of the pleadings and evidence, the nonresident defendant having been alleged to be a foreign corporation, with agency and representative in Dallas County, in absence of a special denial, or plea, verified by affidavit challenging the truth of the pleadings, such issue is not joined by the defendant's plea of privilege. "The general denial puts the plaintiff upon proof of every fact essential to his case. By it issue is joined upon all of the material facts asserted by the plaintiff except those which are required to be denied under oath. Rule 20 for district and county courts (old rules); Rule No 92, Texas Rules of Civil Procedure; Stayton's Method of Practice in Texas Courts, p. 786, sec. 733; W. L. Moody & Co. v. Rowland, 100 Tex. 363, 370, 99 S.W. 1112. 'Under his plea of general denial, a defendant may introduce any testimony which goes to disprove the facts alleged and proved by the plaintiff, but cannot avoid the legal consequences of such facts, unless he plead the matters in avoidance upon which he relies.' Good v. Chiles, Tex.Com.App., 57 S.W.2d 1100, 1101; W. L. Moody & Co. v. Rowland, supra; Smothers v. Field, Thayer & Co., 65 Tex. 435." Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656, 658. In Houston Milling Co. v. Carlock, 183 S.W.2d

1013, 1014, the Eastland Court of Civil Appeals held: "It is provided by Rule 52, Texas Rules of Civil Procedure, that 'An allegation that a corporation is incorporated shall be taken as true, unless denied by the affidavit of the adverse party, his agent or attorney * * *.' In Article 2007, Vernon's Ann.Civ.St., it is declared that a statutory plea of privilege 'shall be prima facie proof of defendant's right to change of venue,' but with the qualification in an amendment of said article that 'such plea shall not be construed to embrace any of the matters set forth in the Revised Civil Statutes, Article 2010.' Said Article 2010 is supposed to have been repealed, and instead thereof Rule 93, Texas Rules of Civil Procedure, has been established. This rule provides, among other things, as follows: 'A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit. * * * That any party alleged in any pleading to be a corporation is not incorporated as alleged. * * * Any other matter required by statute to be pleaded under oath.' Under said Amendment of Art. 2007, we think the alleged fact that appellant is a corporation, in the absence of a verified denial thereof (other than by the plea of privilege), stands as proved. Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894; Underwriters Life Ins. Co. v. Bornemann, Tex.Civ.App., 141 S.W.2d 1005." See also Kell v. Texas Children's Home & Aid Society, Tex.Civ.App., 191 S.W.2d 900 (ref. N.R.E.)

Appellee, having failed to specifically point out by motion, or exception in writing, verified by affidavit, and brought to the attention of the judge in the trial court before the rendition of judgment, every defect, omission or fault in plaintiff's pleadings, either in form or of substance, was waived, Rule 90 T.R.C.P., and for such failure appellee will not be heard to complain for the first time on appeal, of the insufficiency of the controverting plea that it was a foreign corporation, without a permit to do business in this State. The proof of such facts being plaintiff's pleadings, which was formally introduced, establishing the venue facts as alleged against appellee's formal statutory plea of privilege.

Fielder v. Parker, Tex.Civ.App., 119 S.W. 2d 1089, and cases cited; Robinson v. Glasse, supra; Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688; Hill v. Hill, Tex. Civ.App., 205 S.W.2d 82.

Appellee's plea of privilege should have been overruled by the trial court. I respectfully present my dissent to the majority's conclusion.