Hemphill, Ce. J.
The note in suit was made payable to Rhine Brothers & Co., or bearer, and the defendant, Pool, who was the maker of the note, avers that the use of the name of Wm. L. Pickett as plaintiff and the indorsement on the note arc blit fraudulent contrivances to divest the District Court of the county in which he resides of jurisdiction and confer it upon that of the county in which the indorser, Samuel Rhine, has his residence, and that such arlifice is oppressive, is in violation of the law, aud that the venue is thereby improperly changed.
Tho said defendant also propounded interrogatories to the plaintiff, inquiring, among other things, whether the indorsement by Samuel Rhine was not made for tliu pui-pose of enabling suit to be brought in Red River instead of Bowie county.
There is no doubt that this plea, if true in fact, should have been sustained and the petition dismissed; aud as the interrogatories were not answered, the material facts alleged in the plea wore thereby admitted or confessed. The fourth and sixth interrogatories were so framed as to require a categorical denial or affirmance of the truth of the material facts in the plea.
The cherished policy of the law is that the inhabitants of the Sr.ate shall be sued in the counties in which they respectively have their domiciles. This is the general rule, modified by certain exceptions specifically designated by the statute. This was (he rule under the former or Spanish system of jurisprudence, and it has always been regarded as just in itself and eminently advantageous to defendants, for whose benefit it was intended.
This rule cannot be defeated by any evasions or artifices intended merely for that purpose. The defendant cannot be dragged from the forum of his own domicile by any mere contrivance to evade the' domestic jurisdiction.
But the difficulty presented in this case is that no action was taken or sought below on the plea of the defendant. Had the plea been brought to the notice of theconrtand judgment been against the defendant, such action would have been the proper subject of revision. The defendant appeared and had action taken upon his demurrer, but waived, if not expressly, at least by implication. his defense under the i>lea to the jurisdiction. The ground assumed by the defendant is not one which goes to the foundation of the action, aud to permit (his to be set up and urged here for the first time would not, under tiie facts presented in this record, be in accordance with the rides of correct practice ; and it is ordered, adjudged, and decreed that the judgment he affirmed.
Judgment affirmed.