## SAYEG v. FEDERAL MORTG. CO. (No. 2258.)

Court of Civil Appeals of Texas. El Paso. April 11, 1929.

Rehearing Denied May 2, 1929.

Hexter, Rice & Hexter and J. T. Suggs, Jr., all of Dallas, for appellant.

Reid & Erhard, of Dallas, for appellee.

PELPHREY, C. J. Appellee instituted this suit against appellant in the district

court of Dallas county, seeking to recover from him the sum of $1,500 and interest.

In order that a full understanding of the question presented in this appeal may be had, we will here quote the main parts of appellee's petition:

"Heretofore, on or about the 10 day of December, A. D. 1927, the defendant being justly indebted to plaintiff in the sum and amount of Fifteen Hundred and no/100 ($1500.00) Dollars, made, executed and delivered to plaintiff his written order and obligation to pay to plaintiff the said sum of Fifteen Hundred and no/100 ($1500.00) Dollars as evidenced by his certain check or draft of that date signed and executed by said John M. Sayeg for said sum of Fifteen Hundred and no/100 ($1500.00) Dollars, payable to Federal Mortgage Company, plaintiff herein, or order, and drawn on The Citizens National Bank of Ennis, at Ennis, Texas, wherein and whereby said John M. Sayeg bound himself and became obligated to pay to said Federal Mortgage Company on that date the sum and amount of Fifteen Hundred and no/100 ($1500.00) Dollars, in cash, said Sayeg representing and claiming that he had money of his own on deposit in said bank sufficient to pay said check or draft.

"3. Thereafter, said check or draft was presented to said bank on which it was so drawn in due course of business for payment by said bank, but the same was not paid by said bank for the reason that before the same could be presented for payment the said John M. Sayeg, defendant herein, stopped the payment of said check and instructed said bank not to pay the same.

"4. By reason of the execution and delivery of said check or draft aforesaid, which was so executed and given for a valuable consideration which was parted with by said Federal Mortgage Company, at the time of the execution and delivery thereof and was at such time had and received by said John M. Sayeg, the said John M. Sayeg became and was and is obligated and bound to pay to said Federal Mortgage Company, at Dallas, Texas, the sum and amount of Fifteen Hundred and no/100 ($1500.00) Dollars, together with legal interest on said sum from date of the execution and delivery of said draft or check at the rate of six per cent per annum until paid."

Appellant filed his plea of privilege to be sued in Ellis county, Tex., the county of his residence. Whereupon, appellee, by a lengthy controverting affidavit, alleged fraud on the part of appellant in the giving of the check or draft in question and asked that the plea of privilege be overruled.

Upon the plea of privilege being overruled by the court, an appeal from such order was perfected to the Dallas Court of Civil Appeals and properly transferred to this court.

### Opinion.

In our opinion it is necessary to consider one of the questions presented, and that is: Did the court err in overruling the plea of privilege upon a controverting affidavit which set up a different cause of action from that alleged in the petition? From the allegations above quoted the action alleged was one of debt with no suggestion of fraud in connection with the giving of the check.

The controverting affidavit, however, attempts to set up a cause of action fraudulent in its character and seeks thereby to retain the venue in Dallas county. In the case of Witting v. Towns, 265 S. W. 410, the Court of Civil Appeals of Austin held: "Plaintiff's right to recovery must depend upon his petition. His controverting plea, under the statute, serves only to join the issue as to venue under the plea of privilege and the petition then filed, and he cannot in such controverting plea be heard to set up a new or different cause of action than that sued upon. The statute prescribes that he must set up the 'fact or facts' relied upon to retain venue. Necessarily these facts must be such facts as would be admissible in evidence under his original or amended petition." See also Brown v. Heid Bros. (Tex. Civ. App.) 12 S.W.(2d) 588.

The facts alleged in the petition not fixing the venue in Dallas county, and the controverting plea setting up a different cause of action from that alleged in the petition, we are of opinion that the trial court erred in overruling appellant's plea of privilege.

The judgment of the trial court is accordingly reversed, and the cause remanded, with instructions to the trial court to make and enter an order transferring the case to the district court of Ellis county, Tex.

Reversed and remanded, with instructions.