## JONES et ux. v. CALDWELL et al.
### No. 2581.

Court of Civil Appeals of Texas. El Paso.

Oct. 22, 1931.

Rehearing Denied Nov. 12, 1931.

W. R. Smith, of Midland, and Gibbs & Lewis, of San Angelo, for appellants.

Whitaker & Peticolas, of El Paso, and Charles Yonge, of Midland, for appellees.

WALTHALL, J.

This case presents an appeal from the order of the district court of Midland county overruling pleas of privilege of appellants, O. P. Jones and wife, Josephine Jones, to be sued in Potter county, their place of residence.

The suit was brought by appellee, J. M. Caldwell, in the district court of Midland county, against O. P. Jones and wife, Josie Fay Peck and husband, Hal C. Peck, M. Agress, American Potash Company, a corporation, Homer R. Mitchell, Wirt Davis and the First National Bank of Midland, Tex., all named as defendants in the suit, and alleging the residences of each, all nonresidents of Midland county, except the First National Bank of Midland.

The suit is to recover personal judgment against O. P. Jones for about the sum of $10,000, alleged to be due by Jones to him (Caldwell) as attorney's fees and commissions which he alleges he earned by way of services rendered Jones in procuring the execution of certain mineral leases covering lands owned by Jones, all specifically set out in the petition, and negotiating certain compromises in connection with controversies arising over said mineral leases. The defendants, appellants here, other than the First National Bank of Midland, are in different ways more or less connected in interests with said mineral leases. No judgment is asked against them, other than Jones, but are made parties defendant in order that they may be bound by any judgment that may be rendered. The First National Bank of Midland is made a party to the suit because named as depository bank for certain rentals to be paid to Jones under the mineral leases as the rentals became due.

Appellee asks judgment for his debt against Jones, with interest, judgment establishing his claim on rentals not yet paid, judgment that Agress and those named pay him his proportionate part of said moneys, that the First National Bank of Midland be adjudged to segregate said moneys for this plaintiff's

benefit, as the same are received by it, and for relief general and special.

Jones duly filed his plea of privilege to be sued in Potter county, the place of his residence. Caldwell filed his controverting affidavit, which followed substantially the same allegations as are contained in his petition, and with the following paragraph, not contained in his petition, added:

"IX. Plaintiff would with respect show to the court that the venue of said cause is properly lain in Midland County, Texas, for the reasons hereinbefore stated, and for the reason that the obligations for the payment of rentals, as aforesaid, were in writing and performable in Midland County, Texas, and that after said obligations were signed by the parties, the defendant, O. P. Jones orally assigned to the plaintiff a one-tenth (1/10) undivided interest in and to said obligations and amounts to be paid, and that plaintiff has a right to insist that said obligations continue to be paid in Midland County, Texas, as he has never consented or agreed that the place of payment of same should be changed, and the same could not be changed without his consent; and for the further reason that the depository of said payments as made, as provided for in the contract, is the First National Bank of Midland, Texas, which is a corporation duly incorporated under the laws of the United States with its principal place of business and residence in Midland County, Texas, and said bank is a necessary and proper party to this suit.

"Wherefore, plaintiff prays that the Pleas of Privilege be overruled."

The controverting affidavit is signed by appellant's attorneys and verified by appellant.

On the hearing of the plea of privilege, and the controverting affidavit, appellant Jones agreed that "for the purpose of the hearing on the plea of privilege and controverting affidavit, the allegations of plaintiff's controverting affidavit are true."

Appellee's petition and appellant's plea of privilege states Jones' domicile to be in Potter county, and no controversy is made that Jones has his domicile in Midland county. Appellee alleges an express parol agreement with Jones that Jones would pay him "the sum of ten per cent. upon the amount due and to become due," as rentals under said leases for his services.

The petition alleges the domicile of the First National Bank of Midland to be in Midland county, but the petition does not allege any transfer or assignment to appellee of any interest in any of the mineral leases or any of the rentals paid or to be paid under or by reason thereof, as provided in subdivision 4 of article 1995 of our venue statute (Rev. St. 1925).

It is true that in his controverting affidavit, as above, appellant alleged that, after the obligations were signed by the parties, meaning, no doubt, the mineral leases, Jones orally assigned to him a one-tenth undivided interest in and to said obligations and amounts to be paid, but such assignments of such obligation and amounts to be paid are not alleged in the petition. It is also true that for the purposes of the hearing on the plea of privilege and controverting affidavit appellant agreed that the allegations of the controverting affidavit were true.

It has often been held by the courts in considering a plea of privilege and controverting affidavit that the plaintiff's right to retain the venue must depend upon his petition, and that his controverting plea serves only to join the issue as to venue under the plea of privilege and the petition then filed, and that the plaintiff cannot, in such controverting affidavit, be heard to set up a new or different cause of action than that sued upon. Witting v. Towns (Tex. Civ. App.) 265 S. W. 410; In Brown v. Heid Bros., Inc., 12 S.W.(2d) 587, 588, this court, speaking through Judge Pelphrey, said: "A ground of venue stated in the controverting affidavit, which is foreign to the cause of action as declared upon in the petition, obviously will not defeat the plea of privilege."

Again, in Sayeg v. Federal Mortgage Company, 16 S.W.(2d) 567, 568, this court (speaking through Judge Pelphrey) again referred to and quoted from Witting v. Towns, supra, and said: " 'The statute prescribes that he [in the controverting affidavit] must set up the "fact or facts" relied upon to retain venue. Necessarily these facts must be such facts as would be admissible in evidence under his orginal or amended petition.' See also Brown v. Heid Bros.," supra.

The Beaumont Court in Grogan-Cochran Lumber Co. v. McWhorter, 4 S.W.(2d) 995, refers with approval to Witting v. Towns, as do other cases referred to Shepard's S. W. R. Citations. The specific facts relied upon to retain venue must be pleaded in the petition and set out in the controverting affidavit, otherwise, if not pleaded in the petition, though admitted to be true for the purposes of the hearing on the issue of venue, proof of such facts not pleaded could not be heard on the hearing on the plea; the controverting affidavit tenders only the issue as made by the petition.

If we are not in error in what is said above, the facts as pleaded by appellee are not sufficient to give him an equitable interest or lien upon said fund and moneys to be paid into the depository, Midland Bank, or to make applicable the principle announced in any of the following cases: Ives v. Culton (Tex. Com. App.) 229 S. W. 321; Milmo National Bank v. Convery, 8 Tex. Civ. App. 181, 27 S. W. 828; Davis & Goggin v. State National Bank (Tex.

Civ. App.) 156 S. W. 321, as submitted by appellee.

In the last above cited case, writ of error refused, it is distinctly said by this court, speaking through Judge Higgins, that a mere agreement to pay a debt out of a designated fund of itself is not sufficient to constitute an equitable assignment; there must be an appropriation of the fund pro tanto by an order on the specific fund, or by transferring the amount otherwise in such manner that the holder of the fund is authorized to pay the amount directly to the creditor without the further intervention of the debtor; that is, to create such assignment there must be a surrender or control over the funds assigned. No such facts are shown in the petition here. Under the holding in that case the First National Bank of Midland is not a necessary party to the suit; appellee, having no equitable assignment of the funds to be paid into the bank, could have no right to have the bank segregate the 10 per cent. of the amount of the funds paid into the bank.

We have concluded that under the record as presented here the plea of privilege should have been sustained. It is unnecessary to discuss other matters presented.

The case is reversed, and judgment here rendered transferring the case to Potter county.