## CASEBOLT et al. v. WALDRON.

### No. 2254.

Court of Civil Appeals of Texas. Eastland.

Feb. 27, 1942.

Ratliff & Worrell, of Colorado City, for appellant.

M. F. Billingsley, of Munday, for appellee.

LESLIE, Chief Justice.

This is an appeal from an order overruling pleas of privilege. J. F. Waldron instituted this suit against W. D. Casebolt, A. L. Waggoner, and Roy Williams to recover the value of certain services.

The suit was dismissed as to Roy Williams. Casebolt and Waggoner filed separate pleas of privilege, the former to be sued in Scurry County, and the latter in Potter County.

By his controverting affidavit the plaintiff Waldron undertook to maintain venue in Knox County under exceptions 5 and 7 to the general rule of venue (Art. 1995, Vernon's Ann.Civ.St.). The first ground pertaining to a written contract performable in a certain county, etc., was abandoned. The second ground relates to an alleged fraud charged to have been committed in that county.

The plaintiff's petition alleged defendants' breach of an obligation or contract to pay an itemized account amounting to $406.95 for certain services, etc., or, in the alternative, the reasonable value thereof. The plaintiff's suit, as reflected by the petition, is not founded on damages resulting from fraud. The allegations relating to fraud get into the case for the first time when plaintiff filed his controverting affidavit. The sufficiency of the allegations in said affidavit to present a cause of action based in whole or in part upon fraud committed in Knox County is seriously contested and the question of the existence of any evidence to support such allegations (conceding them to be sufficient) is likewise raised.

It is unnecessary to pass on these two questions since it clearly appears that the plaintiff's petition presents no cause of action based in whole or in part upon a fraud committed by the defendants, or either of them, against the plaintiff in Knox County. A ground of venue stated in the controverting affidavit which is foreign to the cause of action declared on in the petition obviously will not defeat the plea of privilege. A plaintiff's petition sets forth his right of recovery and he cannot in his controverting affidavit set up for the purpose of maintaining venue a new or different cause of action than that sued upon. Witting v. Towns, Tex.Civ. App., 265 S.W. 410; Sayeg v. Federal Mortg. Co., Tex.Civ.App., 16 S.W.2d 567; Demmer v. Lampasas Auto Co., Tex.Civ. App., 34 S.W.2d 421; Jones v. Caldwell, Tex.Civ.App., 42 S.W.2d 1052; Browne v. Heid Bros., Tex.Civ.App., 12 S.W.2d 587; Austin v. Grissom-Robertson Stores, Tex.Civ.App., 32 S.W.2d 205; Gholson v. Thompson, Tex.Civ.App., 298 S.W. 318;

310

43 Tex.Jur. 817, sec. 88; 20 Tex.Jur. 129, sec. 87 et seq.

■ The cause alleged in the petition must control and "The proof upon the issue of venue should be confined to the acts or omissions which are common to both controverting plea and the plaintiff's petition." Austin v. Grissom-Robertson Stores, supra [32 S.W.2d 206]. A controverting affidavit tenders only such issues as are made by the petition.

This cause has not been briefed in this court by the appellee. For the reasons assigned, the judgment of the trial court is reversed. Since no reason appears why the case should be remanded the venue of said cause as to each of said defendants is hereby ordered changed, as prayed for.