## READER'S WHOLESALE DISTRIBUTORS, Inc. v. TRAHAN.

### No. 12141.

Court of Civil Appeals of Texas. Galveston.

Dec. 8, 1949.

Ross, Banks & May and Geo. B. Banks, all of Houston, for appellant.

Godard & Dazey, of Texas City, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order sustaining a plea of privilege in an action brought by appellant, Reader's Wholesale Distributors, Inc., in the district court of Harris County, for recovery from appellee, J. C. Trahan, d/b/a Trahan's, of the sum of $1,052.45. Appellee timely filed his plea of privilege to be sued in Galveston County, the County of his residence.

In its original petition, appellant alleged that it had sold and delivered to appellee on the dates specified in its verified statement of account which was made a part thereof, certain goods, wares and merchandise. In response to appellee's plea of privilege, appellant timely filed its controverting affidavit in which it adopted the allegations of its original petition and made them a part thereof. It alleged for the first time in its controverting plea that said goods, wares and merchandise were sold and delivered to appellee upon written orders in which appellee had promised to pay therefor at appellant's office in Houston, Harris County, Texas.

The trial court sustained appellee's plea of privilege and ordered the cause transferred for trial to the District Court of Galveston County.

The trial court prepared and caused to be filed its findings of fact and conclusions of law in which it was found that appellee signed and delivered the orders for merchandise upon which the suit was based but that appellant did not, in its original petition, plead a contract in writing promising to pay the account in Harris County, Texas, and that the first and only pleading alleging a contract promising to pay the account in Harris County, Texas, was contained in appellant's controverting plea.

The court found as a matter of law, that the promise to pay said account in Harris County, Texas, was within the meaning of Subdivision 5 of art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5, and that the allegations of appellant's controverting plea could not be looked to to determine the proper venue in said cause.

The precise question presented in this appeal was decided by this court in the case of Elliott Finance Company v. Brown et al., Tex.Civ.App., 208 S.W.2d 622.

In that case, under a state of facts similar in all material respects to the facts in this case, this court overruled appellant's plea of privilege and held that, under Rule 86, Texas Rules of Civil Procedure, in the absence of allegations in plaintiff's original petition as to where the note sued on was payable, the allegations contained in plaintiff's controverting affidavit could not be looked to in determining proper venue.

These conclusions require an affirmance of the judgment of the trial court. It will be so ordered.

Affirmed.