PRICE

v.

**MURRELL R. TRIPP & CO., Inc.**

No. 5007.

Court of Civil Appeals of Texas. El Paso.

April 28, 1954.

Steve Presler, McCamey, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

McGILL, Justice.

This is an appeal from an order of the District Court of Ector County sustaining defendant's plea of privilege to be sued in Lubbock County, the county of its residence and principal place of business. Appellant was plaintiff in the trial court and appellee was defendant. Plaintiff sued defendant in the District Court of Ector County on a claim for personal services rendered by him to defendant as an investigator and claim adjuster. Plaintiff alleged that he resides in Ector County and that defendant was a corporation organized under the laws of the State of Texas, with its principal place of business in Lubbock, Texas, but having an agent and office in Odessa, Ector County, Texas. Defendant filed its plea of privilege to be sued in Lubbock County in conformity with Rule 86, T.R.C.P. Plaintiff timely filed his controverting plea in which he incorporated his original petition and further alleged that plaintiff resided in Ector County at the time his cause of action arose, and sought to maintain venue in Ector County under Subdivision 23 of Article 1995, R.C. S., Vernon's Ann.Civ.St., the venue statute.

At the beginning of the venue hearing before the court without a jury, defendant made an oral "Motion for Judgment On the Pleadings." This motion was sustained by the court and judgment rendered sustaining the plea of privilege and transferring the cause to Lubbock County. The order sustaining the plea of privilege recites:

"* * * said defendant moved the Court to sustain said Plea of Privilege for the reason that plaintiff's petition wholly failed to allege in any respect that plaintiff was a resident of Ector County, Texas, the county of the suit, at the time his alleged cause of action arose, and such fact was an essential venue fact to be established by the plaintiff, although plaintiff did allege in his controverting affidavit, for the first time, that plaintiff resided in Ector County, Texas, at the time his cause of action arose, and since plaintiff relies upon Subdivision 23 of Article 1995, Revised Civil Statutes of 1925, to give venue, said controverting affidavit cannot be looked to to supply said necessary and essential venue allegations, for the purpose of determining proper venue; and the Court having heard argument of counsel, and being of the opinion that the Plea of Privilege of the Defendant should be sustained;"

Subdivision 23 of Article 1995 R.C.S., Vernon's Ann.Civ.St., provides that suits against a private corporation may be brought

"* * * in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; * * *."

An essential venue fact under this Subdivision is that plaintiff resided in the county at the time the cause of action or part thereof arose. This fact was not alleged in the plaintiff's petition. It was alleged in the controverting plea.

It seems to be settled that the controverting plea may not be looked to to supply this essential venue fact when it is omitted from the petition. It may not serve to enlarge the petition. Douglass v. Flintkote Co., Tex.Civ.App., 207 S.W.2d 635; Reader's Wholesale Distributors, Inc., v. Trahan, Tex.Civ.App., 225 S.W.2d 459; Elliot Finance Co. v. Brown, Tex.Civ.App., 208 S.W.2d 622, and authorities there cited; Jones v. Caldwell, Tex.Civ.App., 42 S.W.2d 1052.

Plaintiff made no request to amend his petition so as to include in it this essential venue fact. Apparently he elected to stand on his pleadings without amendment. Therefore the court did not err in sustaining the plea of privilege, and the order is affirmed.

HAMILTON, C. J., not participating.