**WILSON'S PHARMACY, INC., et al.,**
**Appellants,**

v.

**The BEHRENS DRUG COMPANY,**
**Appellee.**

No. 5135.

Court of Civil Appeals of Texas,
Waco.

May 31, 1972.

Rehearing Denied June 22, 1972.

George D. Neal, Houston, for appellants.

Naman, Howell, Smith & Chase, George Chase, Waco, for appellee.

HALL, Justice.

This is a venue case. The plaintiff-appellee, The Behrens Drug Company, brought the suit in McLennan County on a sworn open account for an alleged balance due of $85,247.69, for merchandise sold. The defendants-appellants, Leslie King and James E. Wilson, Jr., each individually and dba San Marcos Drug, and Wilson Pharmacy, Inc., filed pleas of privilege to be sued in Harris County. The plaintiff controverted the pleas of privilege, contending that Subd. 5 of Article 1995, Vernon's Texas Civil Statutes, permitted venue in the county of suit. After a hearing without a jury, the trial court overruled the pleas of privilege. We affirm.

Subd. 5 of the venue statute provides that if a defendant has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place therein in the writing, then suit upon that obligation may be brought against the defendant in that county.

The defendant King has not appealed, and the judgment as to him is final. However, the other two defendants contend that as to them the trial court's ruling should be set aside for the following reasons: (1) that the plaintiff did not allege a written contract in its petition, and that this basis for venue cannot be pleaded for the first time in plaintiff's controverting plea; (2) that the written instruments relied upon by plaintiff are not "contracts in writing" within the meaning of subd. 5 of article 1995; and (3) that there is no pleading by plaintiff in its petition or controverting plea, and no proof, that the

person who executed the purported written contracts was authorized by the defendants to do so.

■ Plaintiff alleged in its petition that on various dates between May 31, 1971, and August 16, 1971, as shown on an exhibit attached to the pleading, plaintiff "at the special instance and request of the defendants, sold and delivered to the defendant buyers, in the regular course of business," merchandise in the amounts reflected by the exhibit; that "the defendants then and there agreed to pay to the plaintiff on demand the amounts and charges" shown on the exhibit; and that the account balance of $85,247.69 is past due and unpaid after request by plaintiff for payment.

None of the defendants filed any exceptions to the petition.

The essential facts of plaintiff's claim, including an agreement by the defendants to pay for the goods delivered, were alleged in its petition; and we hold that, at least in the absence of any exception to the petition, plaintiff was entitled to elaborate the claim in its controverting affidavit to establish the necessary venue facts. North Texas Tank Company v. Pittman, (Tex. Civ.App., 1956, no writ hist.) 290 S.W.2d 724; 1 McDonald, Texas Civil Practice, (1965 rev.), p. 595, Venue, Sec. 4.49.

■ There is evidence that on July 15, 1971, Ross J. Zennonte executed a purchase order directed to the plaintiff for delivery of merchandise to San Marcos Drug; that, on August 14, 1971, Zennonte executed another purchase order to plaintiffs for delivery of goods to Wilson's Discount Pharmacy at Wharton, Texas, which is one of several stores owned by the defendant Wilson's Pharmacy, Inc.; that at the time of the orders Zennonte was a pharmacist-employee, and sometimes store manager, for both San Marcos Drug and Wilson Pharmacy, Inc.; that both purchase orders contained the following printed statement immediately preceding Zennonte's signatures: "Please ship the articles on this order on terms agreed on between us. This as well as all previous and all subsequent purchases is payable at your office in Waco, Texas, with interest after maturity"; that the execution of purchase orders such as these by defendants' employees was an established course of dealing between plaintiff and defendants; that Wilson and King are partners in the ownership and operation of San Marcos Drug; and that the balance of defendants' account is $85,247.69, and past due.

In our opinion, the purchase orders constitute "contracts in writing" within the meaning of Subd. 5 of the venue statute. Beall v. Hardwicke-Etter Company, (Tex. Civ.App., 1970, writ dism.) 460 S.W.2d 516, 519. They require the defendants to perform an obligation in Waco, Texas, which we, and the trial court, judicially know is in McLennan County. Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521, 523 (1961).

In its controverting affidavit, the plaintiff referred to the cause of action alleged in its petition and then expressly pleaded that "said sale was made pursuant to the terms of a written contract entered into with the defendants, wherein the defendants agreed that 'this as well as all previous and all subsequent purchases is payable at your office in Waco, Texas, with interest after maturity.'"

The defendants made no exceptions to the controverting plea.

We have carefully studied the entire record and, without further detailing of the evidence in this opinion, we hold that it is legally sufficient to support the implied finding of the trial court that Zennonte was authorized by defendants to execute the purchase orders. It is our further view that the controverting plea, absent any exception thereto, sufficiently pleads the finding.

All of defendants' points and contentions have been duly considered and found to be without merit. They are overruled.

The judgment is affirmed.