**WILSON'S PHARMACY, INC., et al.,**
**Petitioners,**

v.

**BEHRENS DRUG COMPANY, Respondent.**

No. B–3492.

Supreme Court of Texas.

May 2, 1973.

Rehearing Denied May 30, 1973.

George D. Neal, Houston, for petitioners.

Naman, Howell, Smith & Chase, George Chase and Paul H. Hubbard, Waco, for respondent.

WALKER, Justice.

This is a venue case. The principal question to be decided is whether, as an invariable rule, all venue facts relied upon by the plaintiff must be alleged in both the petition and the controverting plea.

The suit was brought against petitioners in McLennan County on a verified open account for a balance of $85,247.69 alleged to be due for merchandise sold. Petitioners filed pleas of privilege asserting their right to be sued in Harris County. Respondent then filed a controverting plea alleging that the sales were made pursuant to a written contract wherein petitioners agreed to make payment in Waco, Texas, and seeking to maintain venue in McLennan County under Subdivision 5 of Art. 1995, Vernon's Ann.Tex.Civ.St. Evidence was introduced at the hearing on the pleas of privilege showing that an employee of petitioners had signed purchase orders to respondent stipulating that "this as well as all previous and all subsequent purchases is payable at your office in Waco, Texas." The trial court overruled the pleas of privilege, and the Court of Civil Appeals affirmed. 481 S.W.2d 908.

The petition alleged that respondent sold and delivered to petitioners the goods, wares and merchandise as shown in the exhibits attached thereto, and that petitioners agreed to pay respondent on demand the amounts and charges indicated. There was no allegation of a written contract or that it provided for payment in Waco. In affirming the order of the trial court overruling the pleas of privilege, the Court of Civil Appeals observed that the essential facts of the claim, including an agreement by petitioners to pay for the goods delivered, were alleged in the petition. The court reasoned that respondent was entitled to elaborate on the claim in its controverting affidavit to establish the necessary venue facts.

We have jurisdiction of the case under Subdivision 2 of Art. 1728, V.A.T.S., because the holding mentioned above is in conflict with the decision of another Court of Civil Appeals in Reader's Wholesale Distributors v. Trahan, Tex.Civ.App., 225 S.W.2d 459 (no writ), which was also a suit on a sworn account. The controverting plea there alleged for the first time that the goods, wares and merchandise were sold to the defendant upon written orders in which defendant had promised to pay in Houston. The trial court sustained the plea of privilege, and the Court of Civil Appeals affirmed. The reason for its holding was stated as follows:

> The precise question presented in this appeal was decided by this court in the case of Elliot Finance Company v. Brown et al., Tex.Civ.App., 208 S.W.2d 622.
>
> In that case, under a state of facts similar in all material respects to the facts in this case, this court overruled appellant's plea of privilege and held that, under Rule 86, Texas Rules of Civil Procedure, in the absence of allegations in plaintiff's original petition as to where the note sued on was payable, the allegations contained in plaintiff's controverting affidavit could not be looked to in determining proper venue.

Under the provisions of Rule 86, Texas Rules of Civil Procedure, the controverting plea constitutes the plaintiff's pleadings on the issue of venue. It should set out the

essential venue facts relied upon by the plaintiff and must do so where the question is properly raised by special exceptions or by objections to the evidence. Leonard v. Maxwell, Tex.Sup., Tex.Civ. App., 365 S.W.2d 340; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391. Petitioners insist that every essential venue fact must also be alleged in the petition. We do not agree.

The reasoning and holding of the Court in *Trahan* had its remote origin in the case of Witting v. Towns, Tex.Civ.App., 265 S. W. 410 (no writ), where the suit was to recover $1,700.00, alleged to be the unpaid purchase price for certain mineral rights and to foreclose an equitable vendor's lien on the interest sold. In response to the plea of privilege, the plaintiff filed a controverting plea alleging certain fraudulent representations made by the defendant in the county of suit. Venue was asserted under Subdivision 7, which authorizes a suit for fraud to be brought in the county where the fraud was committed. In holding that the trial court should have sustained the plea of privilege, the court stated:

> Plaintiff's petition alleges only an action for the balance of the purchase money due for an interest in land situated in Caldwell County and seeks foreclosure of an equitable lien thereon. Nowhere does it allege any fraudulent representations by appellant, nor the commission of any fraud by him either in Caldwell County or elsewhere. An action in fraud is a distinct and entirely different proceeding from a suit for debt and foreclosure of a lien on land, if it is not an entirely different cause of action altogether. We do not think it was ever the intention of the Legislature in enacting the amendment to article 1903 of the R.S. of 1911, above mentioned, to authorize the party controverting a plea of privilege to change his cause of action by a controverting affidavit, in order to retain venue in the forum in which he files suit.

\* \* \* \* \* \*

Plaintiff's right to recovery must depend upon his petition. His controverting plea, under the statute, serves only to join the issue as to venue under the plea of privilege and the petition then filed, and he cannot in such controverting plea be heard to set up a new or different cause of action than that sued upon. The statute prescribes that he must set up the "fact or facts" relied upon to retain venue. Necessarily these facts must be such facts as would be admissible in evidence under his original or amended petition. Certainly he could not under a petition for debt and foreclosure of a lien to secure it prove a case of fraud, which was nowhere alleged.

This holding is entirely sound, but it has a rather limited application. The nature of the suit is an important venue fact under several subdivisions of Art. 1995, and the petition is the best and all sufficient evidence of the nature of the suit. See Oakland Motor Car Co. v. Jones, Tex.Civ.App., 29 S.W.2d 861 (mand. den., Jones v. Hickman, 121 Tex. 405, 48 S.W.2d 982). The character of the suit as disclosed by the petition cannot be changed for venue purposes by allegations in the controverting plea. Where the nature of the suit is an essential venue fact, therefore, this fact should appear in or from both the petition and the controverting plea. See also Casebolt v. Waldron, Tex. Civ.App., 160 S.W.2d 309 (no writ); Sayeg v. Federal Mortgage Co., Tex.Civ.App., 16 S.W.2d 567 (no writ).

As pointed out by the court in *Witting* the controverting plea serves to join issue as to venue under the plea of privilege and the petition on file. The issue is venue of the pending proceeding in which the plaintiff seeks to enforce rights and obtain relief as set out in the petition. Venue facts that are completely foreign to the cause of action alleged in the petition are not relevant, therefore, even though they might justify maintaining venue of another and

different proceeding in the county of suit. For example, where the petition alleges a cause of action to recover on a particular promise, venue cannot be maintained under Subdivision 5 by alleging and proving that some other promise was in writing and performable in the county of suit. See Browne v. Heid Bros., Tex.Civ.App., 12 S. W.2d 587 (no writ). When the petition asserts a right to recover damages for one fraudulent representation, the fact that another fraudulent representation may have been made in the county of suit is not relevant to the issue of venue even though alleged in the controverting plea. See Austin v. Grissom-Robertson Stores, Tex.Civ. App., 32 S.W.2d 205 (wr. dis.).

■ There are a number of cases in which it has been said or held that *all* venue facts must be alleged in both the petition and the controverting plea. Cases such as *Witting, Casebolt, Sayeg, Browne* and *Austin* have been cited as supporting this general proposition, but the rule as so stated is too broad. As pointed out by Professor McDonald, "where the petition alleges the basic facts of the plaintiff's claim, the plaintiff in his controverting affidavit, at least in the absence of any exception to the petition, may elaborate the claim to establish the necessary venue facts." 1 McDonald, Texas Civil Practice, 1970 ed., § 4.49; 2 McDonald, idem, § 6.06. The controverting plea constitutes the plaintiff's pleadings on the issue of venue, and no useful purpose will be served by a rule that every venue fact must also be alleged in the petition. In most cases defendant's attorney will be able to obtain from his client any information he may require in deciding whether to file a plea of privilege. The duplicate-pleading rule urged by petitioners will not insure, moreover, that defendant or his attorney receive early notice of the venue facts relied upon by the plaintiff, because the plaintiff and his attorney are not required to anticipate the filing of a plea of privilege. Any essential venue facts omitted from the original petition can be alleged in an amended petition that may ordinarily be filed as a matter of right when the controverting plea is filed. See Rule 63, T.R.C.P.; Insurors Indemnity & Ins. Co. v. Brown, Tex. Civ.App., 172 S.W.2d 174 (wr. ref.). If the information contained in the controverting plea should ever cause the defendant to regret having filed a plea of privilege, he may easily rectify his situation in that respect by filing a waiver of the plea of privilege.

■ We hold that some venue facts may properly be alleged in the controverting plea without being set up in the petition. No attempt will be made to list all of the cases that have been incorrectly decided on the basis of a rule that every venue fact must be alleged in both the controverting plea and the petition, but two examples will be given. One of them is cited by Professor McDonald in support of his statement that "the rule that the venue ground must not be foreign to the petition on occasion has been given what seems an unduly technical construction." 1 McDonald, idem, § 4.49. It is our opinion that in a suit on a promissory note, the fact that the note is payable in the county of suit may be alleged for the first and only time in the controverting plea. The holding to the contrary in Elliot Finance Co. v. Brown, Tex.Civ.App., 208 S.W.2d 622 (no writ), is disapproved. Where the petition alleges a suit against a corporation, the fact that the plaintiff resided in the county of suit when the cause of action arose may properly be alleged in the controverting plea even though that fact does not appear in the petition. The holding to the contrary in Price v. Murrell R. Tripp & Co., Tex.Civ.App., 268 S.W.2d 702 (no writ), is disapproved.

■ Turning now to the present case, it is settled that venue of a suit on an open account may be maintained under Subdivision 5 of Art. 1995 where the defendant has contracted in writing to pay for the purchases in the county of suit. See Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.

2d 825, and authorities there cited. In our opinion the fact that petitioners contracted in writing to pay the items of the account in the county of suit was properly alleged for the first and only time in the controverting plea. The holding to the contrary in Reader's Wholesale Distributors v. Trahan, Tex.Civ.App., 225 S.W.2d 459 (no writ), is disapproved.

■ Although petitioners argue to the contrary, we agree with the Court of Civil Appeals that the evidence, which is set out in its opinion, will support the conclusion that petitioners clothed their employee with apparent authority to sign the purchase orders in question.

The judgment of the Court of Civil Appeals is affirmed.

Dissenting opinion by DANIEL, J., joined by McGEE, J.

DANIEL, Justice (dissenting).

I dissent, respectfully but vigorously.

One of the most ancient and well established rules of law in this State is that an inhabitant of Texas shall not be sued out of the county of his domicile except in certain specifically enumerated cases.[1] This statutory rule of law, including most of its ten initially enumerated exceptions, came almost verbatim from the Spanish rules of civil procedure as found in Las Siete Partidas.[2] The law, now embodied in Article 1995,[3] vests in the defendant a valuable right which the courts have carefully protected with procedural rules and with strict construction in favor of the right of the defendant who claims the privilege of

a trial in his own county. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (1951); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (1943); Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233 (1941); A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062 (1938).

A corollary rule almost as ancient and as often stated by the courts of this State is that in order for a plaintiff to divest a defendant of this valuable right, the burden is upon the plaintiff to *plead* and prove the venue facts showing that his cause of action clearly falls within one of the specifically enumerated exceptions. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956); Newlin v. Smith, *supra;* A. H. Belo Corporation v. Blanton, *supra;* Meredith v. McClendon, *supra;* Thomas v. Meyer, 168 S.W.2d 681 (Tex.Civ.App.1943, no writ). There are numerous Courts of Civil Appeals decisions stating or applying this rule, some of which will be hereafter referred to.[4] See also 2 McDonald, Texas Civil Practice, § 6.06. The necessity for plaintiff to both *allege* and prove that the case comes within an exception is a rule that was established by this Court, as noted in Newlin v. Smith, *supra,* as follows:

"It clearly appears that the predominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. This rule has prevailed in this State since the early case of Pool v. Pickett, 8 Tex. 122. This

---

1. Act Establishing the Jurisdiction and Powers of the District Courts, approved December 22, 1836; Sec. 5, I Laws of the Republic of Texas 198; 1 Gammel's Laws of Texas, 1258.

2. Pool v. Pickett, 8 Tex. 122, 123 (1852); McKnight, The Spanish Influence on the Texas Law of Civil Procedure, 38 Tex. L.Rev. 24, 36–40 (1959); 1 McDonald,

Texas Civil Practice, § 4.03.1; Townes, Texas Pleading, 298–299.

3. All Article references are to the Vernon's Annotated Texas Statutes, and all Rule references are to the Texas Rules of Civil Procedure unless otherwise noted.

4. See other cases cited under Article 1995, Notes 14, 32 and 153.

Court has also established the rule that, to deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in the statutes, and the burden rests upon the plaintiff to *allege* and prove that the case comes within the exception." 150 S.W.2d at 233–234. (Emphasis supplied)

The writer of the present majority opinion, when speaking for the Court in *Ladner, supra,* stated the rule very clearly in these words:

"It is incumbent upon a plaintiff who seeks to maintain venue under any exception of art. 1995 to *plead* and prove the facts, usually referred to as the venue facts, which bring the case within that exception. In some instances the courts by judicial construction have required the plaintiff to establish venue facts which are not specified in the statute, but as a general rule the facts which the plaintiff must *allege* and prove are those stated in the particular exception upon which he relies." See 293 S.W.2d at 761. (Emphasis supplied)

Following the above general rules enunciated by this Court, the Courts of Civil Appeals have heretofore consistently held that, in determining proper venue, the controverting affidavit must conform to the allegations in plaintiff's petition, and that venue facts necessary to support an exception under Article 1995 cannot be alleged alone in plaintiff's controverting affidavit; they must be averred in the petition. Allen v. Hamilton National Bank, 459 S.W. 2d 955 (Tex.Civ.App.1970, no writ); Texas Planting Seed Association v. Hooker, 386 S.W.2d 348 (Tex.Civ.App.1964, no writ); M. L. Witter Mfg. Corp. v. Kinetrol Co. Inc., 342 S.W.2d 809 (Tex.Civ. App.1961, no writ); Motors Ins. Corp. v. Freeman, 304 S.W.2d 580 (Tex.Civ.App. 1957, no writ); Price v. Murrell R. Tripp & Co., 268 S.W.2d 702 (Tex.Civ.App.1954, no writ); Reader's Wholesale Distributors v. Trahan, 225 S.W.2d 459 (Tex.Civ.App. 1949, no writ); Hargrove v. Koepke, 210

S.W.2d 434 (Tex.Civ.App.1948, no writ); Elliot Finance Company v. Brown, 208 S. W.2d 622 (Tex.Civ.App.1948, no writ); Douglass v. Flintkote Co., 207 S.W.2d 635 (Tex.Civ.App.1947, no writ); Casebolt v. Waldron, 160 S.W.2d 309 (Tex.Civ.App. 1942, no writ); Jones v. Caldwell, 42 S. W.2d 1052 (Tex.Civ.App.1931, no writ); Austin v. Grissom-Robertson Stores, 32 S.W.2d 205 (Tex.Civ.App.1930, writ dism'd); Sayeg v. Federal Mortgage Co., 16 S.W.2d 567 (Tex.Civ.App.1929, no writ); Gholson v. Thompson, 298 S.W. 318 (Tex.Civ.App.1927, no writ); Witting v. Towns, 265 S.W. 410 (Tex.Civ.App.1924, no writ).

It is true that on all but one of the last above cited cases there is no writ history. Obviously, this is due to the fact that the Courts of Civil Appeals have final jurisdiction in venue appeals except in those cases in which the judges may disagree upon a material question of law and those which hold differently from a prior decision of another Court of Civil Appeals, or of the Supreme Court, upon any material question of law. Articles 1728 and 1821. The unanimity of the judges of our Courts of Civil Appeals and the fact that their decisions conform to the general rule often stated on this point by our Court make these decisions worthy of more consideration than is given to them in the majority opinion. Furthermore, the trial court judgments and affirming opinions were written or approved by some of this State's most distinguished jurists. For instance, the opinion in Thomas v. Meyer, *supra,* was written by the late Judge James R. Norvell, who subsequently served as a member of this Court; the opinion in Gholson v. Thompson, *supra,* was written by the late Chief Justice John E. Hickman while a member of the Eastland Court of Civil Appeals; the trial judge affirmed in Price v. Murrell R. Tripp & Co., *supra,* was Judge Robert W. Hamilton, a former member of this Court; and the writer of the Court of Civil Appeals opinion in Allen v. Hamilton National Bank, *supra,* was the late Judge Frank M. Wilson, for many

years a professor and recognized authority on Texas Civil Practice.

Texts which treat on the subject express the rule as stated above. 2 McDonald, Texas Civil Practice, § 6.06, reads:

"If a court has jurisdiction of the subject matter and of the parties, property, or status involved, it may proceed to judgment unless the venue is specifically challenged by a plea of privilege. *But the plaintiff, in contesting such a plea, cannot assert the propriety of venue upon the basis of factual allegations which are not anticipated in the petition.* This circumstance has been expressed as 'the well-established rule of law . . . that in venue cases the specific facts relied upon to retain venue must be pleaded in the petition and that the controverting plea may not be used to supply essential venue facts which are not contained in the petition'. . . . Accordingly, the petition should set forth sufficient factual data to sustain venue in the county as against any defendant who is not a resident thereof." (Emphasis added.)

In 59 Tex.Jur.2d 648, it is stated:

"§ 175. Conformity of plea to allegation of petition.

"As a rule, it is necessary that the allegations of fact set forth in the sworn controverting plea conform to those stated in the petition, *for such a plea serves only to join the issue as to venue under the plea of privilege and the petition on file . . .*" (Emphasis added.)

The majority opinion recognizes the existence of the rule but retroactively segments and changes it with respect to the instant case. It also indicates that the long-established rule should not be applied in the future in two specified and numerous unspecified types of cases "that have been incorrectly decided on the basis of a rule that every venue fact must be alleged in both the controverting plea and the petition . . .," but that it will be retained

and applied in cases where "the nature of the suit is an important venue fact." The previous decisions of this Court make no such distinction under this or similar exceptions of Article 1995. They say: *"It is incumbent upon a plaintiff who seeks to maintain venue under any exception of art. 1995 to plead and prove the facts, usually referred to as the venue facts, which bring the case within that exception."* Ladner v. Reliance Corp., *supra,* and cases cited therein. (Emphasis added.)

The bench and the bar have lived quite well under one rule of pleading being applicable to all exceptions under Article 1995. It is inescapable that the majority's splitting of the rule will lead to uncertainties in a procedural area of the law where few, if any, heretofore existed. There are enough uncertainties in procedural matters without creating more. Fracturing this rule will lead in some instances to unnecessary delays and appeals as the bench and bar attempt to apply it. For instance, it appears to me that the instant case comes under that part of the opinion which would retain and apply the rule of consistent pleadings where "the nature of the suit is an important venue fact."

The nature of a suit on a written contract to be performed in a county designated in writing is quite different from a suit on open account without any written agreement as to when or where to pay the account, at least as far as venue is concerned. The nature of plaintiff's suit, by the allegations of its own petition, falls in the latter category. It is nothing more than a suit on an open account. Plaintiff's petition contains absolutely no allegation of *any* venue fact that would bring the cause of action under the exception of Subdivision 5 of Article 1995, which reads as follows:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon

or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

It was only after defendants filed their pleas of privilege that plaintiff alleged in its controverting affidavits that defendants had entered into a written contract to pay the open account in Waco, Texas. Plaintiff did not amend its petition to conform to this allegation of controlling venue facts.[5] Subsection 5 of Article 1995 does not apply to a suit brought upon a verified open account as plead in plaintiff's petition. Without the important and essential venue facts being subsequently alleged in the controverting plea, the defendants' pleas of privilege unquestionably would have been sustained.

The majority holds this, like numerous cases which it says were incorrectly decided, is one in which *some* venue facts may be properly alleged in the controverting plea without being set up in the petition. However, the holding of the majority as to this particular case is that *all* of the venue facts may be set up for the first and only time in plaintiff's controverting affidavit.

In so doing, the majority fails to consider the controlling role that the plaintiff's petition plays in determining the general nature of a plaintiff's suit and all that transpires after it is filed. See Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, 245 (1942). Evidence is inadmissible at the trial unless reasonably supported by the petition. Likewise, a controverting plea and evidence on the issue of venue must find reasonable support in *the plaintiff's petition then on file*. True, "the controverting plea constitutes the plaintiff's special pleadings on the issue of venue," but it cannot run off and leave the petition, or ignore it, or amend it, or supply essential allegations of venue facts which

were omitted from plaintiff's petition. In Witting v. Towns, *supra,* cited with apparent approval by the majority, the proper relation between the pleadings contained in the plaintiff's petition and his controverting plea is clearly described as follows:

"Plaintiff's right to recovery must depend upon his petition. His controverting plea, under the statute, serves only to join the issue as to venue under the plea of privilege and *the petition then filed,* and he cannot in such controverting plea be heard to set up a new or different cause of action than that sued upon. The statute prescribes that he must set up the 'fact or facts' relied upon to retain venue. Necessarily these facts must be such facts as would be admissible in evidence *under his original or amended petition.*" (Emphasis added.)

This requirement of consistency between the allegations of plaintiff's petition and controverting plea, or "duplicate-pleading" as it is referred to by the majority, is no onerous burden, because, as pointed out by the majority, any essential venue facts omitted from the original petition can be alleged in an amended petition that may ordinarily be filed as a matter of right when the controverting plea is filed. See Rule 63; Insurors Indemnity & Ins. Co. v. Brown, 172 S.W.2d 174 (Tex.Civ.App.1943, writ ref.). Consistency between the allegations of the petition and the controverting plea is part of the price which plaintiff must pay for the privilege of attempting to try the case in its own county rather than that of the defendants, just as duplication of proof is required for this purpose as to some of the exceptions under Article 1995. See Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (1935); and Ladner v. Reliance Corp., *supra,* 293 S.W.2d at page 763.

More importantly, the majority fails to give proper consideration to the salutary

---

5. There was an attempt to amend by interlineation of essential venue facts after the original transcript was filed in the Court of Civil Appeals, but this late action was ignored by the Court of Civil Appeals and the majority opinion. I do likewise.

and helpful aspects of the established rule requiring plaintiff to clearly plead in his petition the essential venue facts set forth in the exception of Article 1995 upon which he plans to rely to maintain his suit in a county other than that of the defendant's domicile. It encourages and usually results in the giving of earlier notice to defendants and their attorneys. When venue facts are properly and truthfully plead, it often causes defendants to forego the filing of a plea of privilege and thus prevents delays and time consuming hearings before judges with already overcrowded dockets.

The majority holds that the plaintiff and his attorney are not required to anticipate the filing of a plea of privilege. They should be, since Article 1995 plainly states that "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:" Heretofore, anticipation has been encouraged as the better practice. See the above quotation from 2 McDonald, Texas Civil Practice, § 6.06. The majority says that no useful purpose is served by the rule, because "in most cases the defendant's attorney will be able to obtain from his client any information he may require in deciding whether to file a plea of privilege." That carries the presumption of the client's knowledge of the law rather far, and it contemplates a burden on the defendant which is entirely contrary to the dominant purpose and spirit of Article 1995 and the multitude of decisions which have held that the burden to plead and prove the exception is on the plaintiff.

I think the bench, the bar and the litigants would be better served by retaining the one rule requiring consistency between petitions and controverting pleas on important venue facts with respect to all exceptions under Article 1995. The rule is so well known to the lawyers and judges of the State that a retroactive change which retains the rule with respect to some general venue exceptions and disapproves it with respect to others, will result in unnec-

essary confusion and delay in pending cases and untold uncertainties and appeals as lawyers learn about and try to understand and apply the somewhat nebulous aspects of the new rule in future cases.

In any event, if the rule is to be changed, it should be by a prospective change in the Texas Rules of Civil Procedure, which this Court has been authorized by the Legislature to promulgate and change from time to time. It should not be done retroactively by a judicial fiat which has less and slower dissemination than a rule change published in advance of its effective date.

As to those defendants who appealed from the order of the trial court, I would reverse the lower courts and remand the case to the trial court for another hearing on the pleas of privilege.

McGEE, J., joins in this dissent.